## SATURINA GARZA v. THE STATE.

### No. 3057. Decided June 14, 1905.

**1.—Assault to Murder—Charge of Court—Self-Defense—Defense of Another.**

Where in a trial for assault with intent to murder, the evidence showed that defendant interfered in a difficulty between his companion and the prosecutor, it was error to agglomerate in the court's charge, defendant's right to defend his companion and his own right of self-defense. Besides defendant did not act in self-defense and the court was not authorized to submit a charge on that question.

**2.—Same—Provoking the Difficulty—Counter Theory—Charge of Court.**

Where the evidence in a trial for assault to murder suggested two theories: one that the companion of defendant followed prosecutor into a store for the purpose of seeking a quarrel, and the other to get a peaceful settlement from him, and that a difficulty arose betwen them in which defendant interfered to protect his said companion, the court in submitting the law of provoking the difficulty, should have presented the counter theory.

**3.—Same—Some Language or Act Must be Shown of Provoking Difficulty.**

A charge of the court on provoking the difficulty, which failed to submit that defendant's companion must have used some language or done some act with intent to provoke a difficulty before he and defendant, who interfered in his behalf, would be deprived of the right of self-defense, is fatally defective and reversible error.

**4.—Same—Conspiracy—Charge of Court.**

Where in a trial for assault to murder, if there is testimony, although meager, tending to show a conspiracy on the part of third parties and defendant to force prosecutor to make a settlement with them by the use of violence, the court should instruct the jury on the doctrine of conspiracy.

**5.—Same—Charge of Court—Defense of Another.**

Where in a trial for assault to murder if the evidence shows that defendant was not engaged in a conspiracy with his companion and others to bring on the difficulty between them and prosecutor, but only entered into the conflict to protect his said companion, he is guilty of no offense, and the court should distinctly present this matter in a proper charge to the jury.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. L. Grogan* and *B. A. Cox,* for appellant.—On conspiracy: Welch v. State, 3 Texas Crim. App., 413. On provoking difficulty: Drake v. State, 80 S. W. Rep., 1005; 45 Texas Crim. Rep., 273; Price v. State, 10 Texas Ct. Rep., 28; 46 Texas Crim. Rep., 80.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There is no bill of exceptions to the introduction or rejection of evidence. The only questions raised are as to the charge of the court, and the sufficiency of the evidence to sustain the conviction. Appellant questions the action of the court in agglomerating appellant's right to interfere with the difficulty between his friend Pedro Barstado and prosecutor Gallamore, and his right to enter the difficulty to protect Pedro, and his own right of self-defense. The court does conjoin these two features of defense in the same charge. As we read the evidence appellant at no time acted in his own self-defense, but if he was authorized to interfere at all, it was on behalf of his friend, Pedro. The court should have confined his charge to this feature alone, as a conjunction of the two in the same charge was liable to confuse and mislead the jury. Besides, as stated, the court was not authorized to give a charge on self-defense, so far as appellant was concerned at all.

It is further complained that in connection with the charge on self-defense, and defense by appellant of his friend Pedro, the court improperly qualified the same with a charge on provoking the difficulty by Pedro with the said Gallamore. The record shows substantially that prosecutor had brought Pedro, with some four other Mexicans, from Ballinger to pick cotton for him in Taylor County; they picked for him a day and a half, and then quit. On the day of the difficulty all of the parties were in the town of Tuscola, Taylor County. Pedro, who seemed to have charge of the other Mexicans (he being the only one who could speak English well) was insisting on prosecutor Gallamore paying him for picking the cotton. Gallamore contended that they were to pay him for bringing them from Ballinger to Taylor County; that the understanding was, if they stayed with him and picked cotton for him he would not charge them, but as they had quit him, that they should pay him for bringing them. It seems there was a crowd of Mexicans in front of Young's store at the time this altercation was going on. Gallamore declined to pay anything, and told Pedro to let him alone about it. Whereupon Pedro told him he was "the damndest sorriest white man in Taylor County." Prosecutor asked him what he said, and Pedro repeated this. Whereupon prosecutor turned and walked into Young's store, Pedro following immediately after him, and two of the other Mexicans also moving towards the store. It is shown that as soon as Gallamore (prosecutor) got into the store he walked behind the counter, got a gun, and came around the counter with it. Pedro advanced towards him, having in his hand a paper sack, which one of the witnesses says contained a knife. As Pedro approached, Gallamore shot him with the gun. Pedro fell on his back, and the other four Mexicans immediately appeared in the

store and began an attack on Gallamore. Appellant wrenched the gun
from Gallamore and proceeded to strike him with it. During the
subsequent progress of the struggle, the Mexicans cut Gallamore a num-
ber of times on the head, in the back and about the face. Appellant
is not shown to have had any weapon, except the gun, which he
snatched from Gallamore, and which he used to strike with. From this
general statement we take it two theories are suggested, one for the
State, that Pedro and the other Mexicans followed Gallamore into the
store, Pedro having insulted him by the use of the language before
referred to, for the purpose of seeking a quarrel and difficulty; and
one, on the part of appellant and the other Mexicans, that they went
into the store, following Gallamore there, whom they had no right to
believe was going after the gun, expecting to get a settlement from
him. This is substantially all of the testimony with regard to pro-
voking a difficulty. On it the court was justified in charging on provo-
cation. It occurs to us that the court should, in this connection, have
presented a counter theory; that is, if Pedro had no intention of pro-
voking the difficulty, and did no act to bring the same on, but went
into the store with the other Mexicans, expecting a settlement, and that
they were then assaulted by prosecutor, the right of self-defense of
Pedro would be complete.

The charge on provoking the difficulty is further criticised by appel-
lant on the ground that it failed to inform the jury, that it was re-
quired that Pedro must have used some language or done some act with
intent to provoke a difficulty before he and those with him would be
deprived of the right of self-defense. The charge of the court seems
merely to cut off the right of self-defense, if Pedro and those with him
sought the occasion regardless of the doing of some act calculated to
bring the difficulty about. This character of charge has been frequently
condemned. Airhart v. State, 40 Texas Crim. Rep., 470; Winters
v. State, 37 Texas Crim. Rep., 582; McCandless v. State, 42 Texas
Crim. Rep., 58.

There is some testimony in the record, though it is meager, tending
to show a conspiracy on the part of the Mexicans to force prosecutor
to settle for picking the cotton, by the use of violence. In view of an-
other trial, if the proof sufficiently tends to show this, then the court
should instruct the jury on the doctrine of conspiracy. Chapman v.
State, 8 Texas Ct. Rep., 392.

The evidence here presents a theory in favor of this appellant, and it
may do so in another trial, to the effect that all he did after hearing
the gunshot in Young's store was to go into the store, and there he
saw his companion Pedro shot down, and the prosecutor in the act of
doing him further violence; that he then seized prosecutor's gun, wrested
it from him, and struck him with it. If he was engaged in no con-
spiracy in connection with Pedro to bring on the difficulty with prose-
cutor, and he only entered into the conflict to protect his friend Pedro,
he was guilty of no offense. The court should distinctly present this

matter in a charge to the jury. As stated before, there is nothing in this record suggesting self-defense, so far as appellant was concerned; but only the defense of Pedro. The charge should not embrace an issue not raised by the testimony.

For the errors discussed, and pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*