### E. W. YARDLEY v. THE STATE.

No. 3876.    Decided February 13, 1907.

#### 1.—Murder in Second Degree—Jury Law—Challenges.

Where upon trial for murder, it was shown that two of the State's witnesses may have been adverse to defendant because of some previous local option cases, such would not authorize an investigation in selecting a jury how such jurors had voted at the last local option election, the defendant contending that the case arose out of violation of the local option law.

#### 2.—Same—Attorney and Client—Attorney When not Disqualified.

Upon a trial for murder there was no error in compelling defendant's attorney to testify as a witness to what defendant, whom he represented, had testified to upon a former trial of the case. Where such client testified in open court to the matter in issue it then ceased to be privileged. However, it would be better practice to make proof of this by some other witness than defendant's attorney.

#### 3.—Same—Self-Defense—Charge of Court—Alibi.

Where upon trial for murder there was no testimony showing that deceased made or was about to make an attack on defendant, but that such attack was made on defendant's companion, but the defense was not an alibi, a charge on self-defense while not strictly correct was not reversible error.

#### 4.—Same—Weapon of Deceased—Charge of Court—Intent to Kill.

Where upon trial for murder the evidence showed an altercation between deceased on the one side and the defendant's companion on the other side, and that the deceased attacked said companion with a deadly weapon, it was the impera-

tive duty of the court to have charged the jury that if such were the case, it was presumed that the deceased intended to kill defendant's companion and that defendant had the right to slay deceased at once.

**5.—Same—Provoking Difficulty—Converse Proposition.**

Where upon trial for murder, it was a question of fact as to provoking the difficulty, and the court submitted a charge thereon and also gave a converse proposition thereto, there was no error.

Appeal from the District Court of San Saba. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*James Flack & Dalrymple* and *Leigh Burleson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at twenty-five years confinement in the penitentiary, and prosecutes this appeal.

The companion case to this (see Woodward v. State, 97 S. W. Rep., 499) was tried upon substantially the same facts as are here presented. For statement of facts see said case.

Appellant claims that the court committed an error in not allowing him, when the jury was empaneled, to prove how the jurors had voted at the last local option election, his contention being that this case arose out of violations of the local option law in some way, and particularly two of the witnesses, Dulaney and Derrick, who testified against him that they were the owners of the club house and that Woodward, appellant's codefendant, had been instrumental in reporting said parties and that, therefore, he had a right to ascertain how the jurors stood upon the local option question in order to exercise his peremptory challenges. It does not occur to us that the question presented here is sufficiently supported by the facts of this case as to have authorized appellant to investigate the standing of the jurors as to local option. The fact that two of the witnesses may have been adverse to appellant because of some previous local option cases, it does not occur to us this would authorize an investigation of this sort in order to exercise a peremptory challenge; at least, it does not occur to us that the action of the court shows reversible error.

Appellant questions the action of the court in compelling James Flack, an attorney of the defendant, to go on the stand over his objection and testify to what defendant had testified to upon a former trial of this case, the said attorney claiming that his knowledge was derived as an attorney and was privileged communication. The bill shows the matter came up in this wise: James Flack was one of the attorneys for appellant and he was placed on the stand by the State

and compelled to testify that he was present at the last term of the district court as appellant's counsel, and that appellant went on the stand in his own behalf, and that he there testified that he did not go to the residence of the witness Mitch Alexander on the night of and after the homicide and have a conversation with said Alexander. The defendant also testified that he did not have a conversation with Mitch Alexander on the next day after the homicide, Sunday, at the feed pens. Defendant testified that he went fishing on that day and was not at the feed pens on that day; that the point on the river where he went fishing was a different direction than the feed pens. He further testified that he did have a conversation with Mitch Alexander at the courthouse, while the deceased's body was in there. This was objected to because it was proving before the jury that a former trial had taken place of the case, and was compelling him to testify as to previous communications between himself and his client; explaining this bill of exceptions the court says: "That the witness was not required to testify to any fact or statement made by defendant, except statements made in open court, under oath as witness in his own behalf at a former trial, and defendant had other counsel engaged in his defense at the time the witness Flack testified, and said witness was also engaged in making objection to testifying, and the defendant was in no wise deprived of his services as an attorney." It is competent to prove at a subsequent trial what a defendant may have testified to at a former trial, but it is not competent to require an attorney to disclose against his client communications that may have come to him by virtue of his professional relationship to his client. In support of his contention appellant refers us to Hernandez v. State, 18 Texas Crim. App., 154. An examination of the points in that case will disclose that the question did not arise in the same way as here presented. It may be true that Mr. Flack, the attorney here, originally came to his knowledge of the witness' statement on account of his relationship to him as attorney, but when the witness testified in open court to the matter, it then ceased to be privileged communications and proof thereof could be made by any witness. Of course, in such case, it would be better practice to prove the statement made in open court by some other witness than appellant's attorney, but we do not believe it was error to permit this testimony. It does not occur to us that there was sufficient testimony in this case suggesting an arrest or an attempted arrest by Woodward, is such as to have required the court to charge on that subject in connection with rights and duties of officers in making an arrest.

Appellant insists that the court committed an error in charging on self-defense, that is, that there was no testimony showing that deceased made or was about to make an attack on appellant; that the only attack the testimony shows deceased made was on Woodward. We are inclined to this opinion. However, under the circumstances of this case, we do not believe that such a charge was reversible error.

Of course, there might be circumstances where a charge on self-defense would constitute error, as where the sole defense was alibi. In such a case, for the court to charge on self-defense- would constitute reversible error.

Appellant reserved an exception to the action of the court in failing to charge article 676, Penal Code, to wit: That the facts of this case imperatively required the court to charge on the presumption of the weapon that deceased was shown to have used; that in such case the court should have told the jury if the deceased had unlawfully attacked Woodward with a deadly weapon, it is to be presumed that he intended to kill said Woodward, and in such case appellant had the right to slay at once. An inspection of the court's charge discloses that while he gave a charge on appellant's right to act on behalf of Woodward under article 675, he nowhere charged the presumption from the use of a deadly weapon by deceased under article 676. All the authorities teach that in a proper case this charge is imperatively demanded, and a refusal to give it is error. See Kendall v. State, 8 Texas Crim. App., 569; Jones v. State, 17 Texas Crim. App., 602, and Cochran v. State, 28 Texas Crim. App., 422, and other authorities cited in subdivision 1165a, White's Penal Code, and see Scott v. State, 10 Texas Ct. Rep., 964. In this case, it occurs to us that the crucial point was who began the difficulty. If Woodward began the difficulty or if Woodward unlawfully provoked deceased to make the attack in order to have a pretext for killing him and appellant was cognizant of that fact, then the right of defense of another did not accrue to him at all, but if when appellant and Woodward went down to the club house and a casual difficulty occurred between Woodward and deceased, and deceased became the aggressor and made the first assault on Wooward, then the right of self-defense did accrue to Woodward and to his companion Yardley. There is no question that deceased Carroll used a deadly weapon. Most, if not all the witnesses, state that he fired the first shot with a winchester rifle. Accordingly, appellant was entitled to a charge based on the presumption following from the use of a deadly weapon by deceased.

Appellant also complains because the court charged on provoking a difficulty. We notice in the opinion of the court in the case of Woodward, supra, we stated that if the court was justified in charging on provoking a difficulty, he should certainly have charged on the converse of that proposition, to wit: if Woodward and his companion went to the club house on a peaceful mission, and deceased and Meachum engaged in an altercation over a gun, and appellant interposed, not for the purpose of producing an occasion for a difficulty, that his right of self-defense would not be impaired. In this case, while the court gave a charge on provocation, he gave the converse of this. We believe that there was enough testimony in the case to authorize this charge, and it further occurs to us that the charge as given was correct. It is not necessary to discuss other assignments,

but for the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*