## Sid Young v. The State.

### No. 3777. Decided April 29, 1908.

**1.—Murder—Charge of Court—Provoking Difficulty.**

The mere fact that some act or declaration of the defendant, though not intended to have such effect, does bring on a difficulty or provoke an attack, whether so intended or not should not in every case abridge the right of self-defense, nor should have such effect, except on the principle and in case the original act was unlawful; the mere fact that it was wrongful or inconsiderate should not have the effect to deprive a citizen of Texas of his right of self-defense. Following Winters v. State, 37 Texas Crim. Rep., 582; 40 S. W. Rep., 303.

**2.—Same—Case Stated.**

Upon trial for murder where the evidence tended to raise the issue of provoking the difficulty, a charge of the court which in terms instructed the jury that if what was said or done by the defendant was reasonably calculated to, and did provoke the deceased to attack him that he could not justify such killing, though as a matter of fact the defendant did not intend to provoke deceased to make the attack upon him was error. The court, however, did not err in refusing the requested charge, as that was also improper.

**3.—Same—Charge of Court—Temporary Insanity—Recent Use of Ardent Spirits—Harmless Error.**

Under article 41, Penal Code, intoxication which does not amount to or produce temporary insanity is not admissible in evidence for the purpose of determining the degree of murder, and where the evidence in the trial for murder did not raise this issue, and the court charged that the recent use of ardent spirits while not an excuse for the homicide might be considered for the purpose of determining the degree of murder, without further instructing the jury that they might consider temporary insanity produced by the use of such ardent spirits in mitigation of the penalty attached to the offense, etc., as is required by the law, the error was harmless.

Appeal from the District Court of Cooke. Tried below before the Hon. G. H. Garnett.

Appeal from a conviction of manslaughter; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*Potter, Culp & Giddings,* for appellant.—On question of provoking the difficulty: Cited cases in opinion. On question of temporary insanity produced by the recent use of ardent spirits: Williams v. State, 25 Texas Crim. App., 761; 7 S. W. Rep., 661; Robbins v. State, 20 S. W. Rep., 359; Williams v. State, 20 Texas Ct. Rep., 3.

*F. J. McCord,* Assistant Attorney-General, and *R. E. Thomason,* for the State.—On question of provoking difficulty: Franklin v. State, 30 Texas Crim. App., 628; Franklin v. State, 34 Texas Crim. Rep., 286; King v. State, 13 Texas Crim. App., 277; Muely v. State, 26 Texas Crim. App., 274; Polk v. State, 30 Texas Crim. App., 657; Jackson v. State, 32 Texas Crim. Rep., 192; Jones v. State, 17 Texas Crim. App., 602; Arto v. State, 19 Texas Crim. App., 126; Turner v. State, 16 Texas Crim. App., 378. On question of recent use of ardent spirits: Cases cited in opinion, and Valarial v. State, 20 S. W. Rep., 557; Wright v. State, 37 Texas Crim. Rep., 627; 40 S. W. Rep., 491; Murphy v. State, 40 S. W. Rep., 978

RAMSEY, Judge.—The appellant was indicted in the District Court of Cooke County for the murder of Jesse Jordan. He was on trial convicted of the offense of manslaughter and his punishment assessed at confinement in the State penitentiary for the period of two years and six months.

There are substantially only two questions presented on the appeal in respect to both of which we have been aided by able briefs both by counsel for appellant and for the State. The following condensed statement taken from the brief of the appellant will be sufficient to illustrate the issues and questions involved in the appeal: The appellant was a youth less than 21 years of age. The deceased was a young man with a family living as a tenant on the farm of appellant's father. About 4 or 5 o'clock in the afternoon of the killing, appellant went to the house of the deceased. He carried with him a bottle of whisky and a pistol. The wife of the deceased was away from home. The parties soon got to drinking and during the time appellant fired off his pistol. While at deceased's home, the testimony is, that appellant became very much intoxicated; he and deceased got into a scuffle and deceased, who seems to have been the larger man, got appellant down but did not injure him and made him promise to go home. In some way, during the scuffle appellant got both his dress coat and overcoat pulled off and also lost his hat. About dark the deceased's brother, who had come upon the scene, attempted to take appellant over to another brother's house near by in order, as he says, to keep down trouble between the parties. Shortly after leaving deceased's house, appellant threw a stick at deceased but did not hit him. Appellant followed deceased and when about a hundred yards from the house of his brother, appellant waving his clenched hand above his head said: "Run up against this," holding up his hand. Some of the parties testify they thought **appel-**

lant had a club in his hand. Deceased's brother. turned him loose and he and appellant ran together and deceased .got appellant down. His brother pulled him off of appellant and thought at the time that deceased had cut appellant. It was found, however, that appellant had cut deceased on the neck, the cut being rather shallow but deep enough at one place to cut the jugular vein. Appellant managed to get home but seems to have been rather too drunk to have given a very intelligent account of what had happened; had blood all over him, his clothes were badly torn and he had a slight cut across the hand. The testimony of appellant given on a former trial was offered by the State in evidence, in which appellant testified that he was too drunk to recollect what happened. His testimony discloses, however, that· he did remember going to deceased's house and that they got to drinking. He remembered, too, that deceased had him down and, as he says, was beating him over the head. His testimony tended to show that he was at the time of the killing, or soon thereafter, in a decided state of intoxication.

1. The first complaint and assignment of error made is that the court erred in the 19th paragraph of this charge to the jury in respect to the issue of provoking a difficulty. That paragraph of the court's charge is as follows: "If you find that the defendant killed Jesse Jordan by cutting him with a knife, yet if you further find that just before such cutting the defendant, by words or actions or by both, calculated to do so, provoked said Jordan to attack him, in order to have a pretext to kill said Jordan or inflict upon him a serious bodily injury, and if in consequence thereof he killed said Jordan, then the defendant cannot justify such killing on the ground of self-defense, but it would be murder, although you should find that it became necessary for defendant to kill said Jorden in order to save his own life.

But if you find that defendant provoked such difficulty in order to have a pretext to inflict upon said Jordan some unlawful injury, but not for the. purpose of killing him or inflicting upon him a serious bodily injury, then he would not be justified in said killing, although it may have been necessary for him to do the killing in order to protect his own life, but in that event he would be guilty of manslaughter.

If you find that the defendant, by words or acts or both did provoke said Jordan to attack him, and that such words or acts or both were reasonably calculated to and did provoke said Jordan to attack him, and that in consequence thereof defendant killed said Jordan, then the defendant can not justify such killing on the ground of self-defense, but he would be guilty of manslaughter, although you may find that, in fact, he did not intend to provoke said Jordan to make an attack upon him." To correct the supposed error in the last paragraph of the court's charge quoted above, the following special instruction was requested: "No mere words that may have been used by defendant prior to the difficulty which resulted in the death of deceased would justify deceased in attacking defendant unless such words upon the part of defendant were reasonably calculated and intended by defendant to pro-

duce in the mind of deceased a reasonable fear of injury, or to provoke the deceased into attacking defendant. And you are therefore instructed if defendant killed the deceased while defending himself from attack by the deceased, then you will find defendant not guilty, even though deceased was provoked by words used by defendant at the time unless defendant used them with the intent stated above." No complaint is made as to the first two clauses, or paragraphs of the court's charge quoted above. It is, however, contended that it cannot be the law that an intentional and an unintentional act amounts to the same grade of crime and calls for the same character of punishment. Appellant's contention is that it is beyond reason for the court to tell the jury in one clause of an instruction that if the defendant intentionally provoked the difficulty for the purpose of having a difficulty with the defendant (though not to kill him or inflict serious bodily harm on him) that it would be manslaughter if he killed his adversary, and in the next clause tell them that if by acts or words, appellant provoked the difficulty without intending to provoke it, and without any intention of having a difficulty with the deceased, and that deceased attacked him and he killed him in self-defense in repelling the attack, then such killing would also be manslaughter. These two propositions, it is clear, were inconsistent and are illogical and that the latter is not the law. We think, in substance, that the contention and claim of the appellant must be sustained. It is not to be denied that there is some uncertainty if not confusion, in the books in respect to the doctrine of provoking a difficulty. It is undoubtedly the law of this State that if one provokes a difficulty in order to have a pretext to kill an adversary or inflict upon him serious bodily injury he can not justify such killing on the ground of self-defense, although it may subsequently be necessary for him to kill his adversary in order to save his own life. It is the law, too, that if one provokes a difficulty intentionally in order to have a pretext to inflict some unlawful injury upon him, but not for the purpose of killing him, or inflicting upon him some serious bodily injury, he can not thereafter justify such killing on the ground of self-defense, but that offense will not be murder but will ordinarily be manslaughter. Where, however, with no intention of provoking a difficulty to kill or do other unlawful violence, but it is found that the acts and conduct of an appellant, though not intended by him so to do, had the effect of inducing his adversary to assault him, it can not be held that he thereby loses his right of self-defense, or that such right is in any respect impaired. This doctrine seems to be fully recognized and to have been expressly decided in the case of Franklin v. State, 34 Texas Crim. Rep., 286. In that case Judge Hurt, speaking for the court says: "Again, and as we have already said, one may be guilty of a wrongful act, which produces the necessity to kill, and be guilty of no offense, though he take life. If the act, though wrongful, be not illegal, and be not intended to provoke a difficulty, nor reasonably calculated to produce the occasion and necessity for taking life, and the party kill to save himself, he is

justified. As in this case, if the defendant was at the house of the deceased for the purpose of securing a place to lodge, and while awaiting the husband's return, with the permission of the wife, lay upon the bed, and deceased finding him there, attacked him, and defendant to save his own life, killed deceased, he would be guilty of no offense; he would be justified. His acts, though imprudent, were not illegal, nor was he guilty of any moral wrong. He may not have been entirely blameless, and such acts may have been the occasion of the attack upon him, but from the defendant's standpoint, under this state of case, they were not reasonably calculated to produce that result and not being so intended, his right of self-defense remains complete." The earlier report of the same case, 30 Texas Crim. App., 628, seems to lay down the distinction that if the act of appellant, which, in fact, provoked the difficulty is in itself a violation of the law and was reasonably calculated to produce the occasion of the killing, then such defendant's right of self-defense would be abridged without reference to his intent. The right of self-defense is sometimes said to be an inalienable right, nor should it ever be abridged, except and unless it is so done to prevent it being made a means of offense, or as it is sometimes stated a weapon of offense and not of defense. We think that it is illogical to say that the mere fact that some act or declaration though not intended to have such effect, does bring on a difficulty or provoke an attack, that whether so intended or not this should in every case abridge the right of self-defense, nor that such act should have this effect except upon the principle and in case the original act was unlawful. The mere fact that it was wrongful or inconsiderate should not have the effect to deprive a citizen of Texas of his right of self-defense. This rule seems to have been clearly recognized in the case of Winters v. State, 37 Texas Crim. Rep., 582; 40 S. W. Rep., 303. The charge of the court in that case was criticised and held to be erroneous for the reason that it "leaves out of view altogether the character or wrongful act or the intent which may have actuated the defendant in doing the act. As an abstract proposition, it is true that a party cannot avail himself of a necessity which he has knowingly brought upon himself; and if a party wrongfully produce a condition of things, wherein it becomes necessary for his safety that he should take life or do serious bodily injury, then the law imputes to him his own wrong. But the charge fails to inform the jury what wrongful acts deprive a party of the right of self-defense." Proceeding further, the court say: "The character of provocation in connection with the intent should have been defined and set out in a separate and affirmative charge given on behalf of the State." The appellant's contention is even more directly sustained by the opinion of the court in Vann v. State, 45 Texas Crim. Rep., 434; 77 S. W. Rep., 813. In that case, Judge Davidson speaking for the court says: "In every charge on self-defense, appellant's rights of self-defense was limited by a charge on provoking the difficulty. The charge is further criticised because it nowhere informs the jury what is necessary to constitute provoking the

difficulty. The language is, as above quoted, 'If the jury do not believe the defendant provoked the difficulty.' Under all the authorities, and under the law, in order to constitute provoking the difficulty there must be something said or done by the accused with intent to produce the occasion or bring about the difficulty which makes him responsible criminally. The jury are nowhere told, in regard to the law of provoking the difficulty, that defendant must have said or done something which produced the occasion, or brought about and provoked the difficulty." Again, in Garza v. State, 48 Texas Crim. Rep., 382; 88 S. W. Rep., 231, the same principle is expressly recognized. In that case the court say: "The charge on provoking the difficulty is further criticised by appellant on the ground that it fails to inform the jury that it was required Pedro must have used some language or done some act with intent to provoke a difficulty before he and those with him would be deprived of the right of self-defense. The charge of the court seems merely to cut off the right of self-defense if Pedro and those with him sought the occasion regardless of the doing of some act calculated to bring the difficulty about. This character of charge has been frequently condemned. Airhart v. State, 40 Texas Crim Rep., 470; Winters v. State, 37 Texas Crim. Rep., 582; McCandless v. State, 42 Texas Crim. Rep., 58." The charge in this case is probably more subject to criticism than any of the charges reviewed in the foregoing cases, for the reason that the jury are in terms instructed that if what was said or done by appellant was reasonably calculated to and did provoke deceased to attack him, that he could not justify such killing, though as a matter of fact he did not intend to provoke deceased to make the attack upon him. We do not desire to be understood, however, as holding that the special charge requested should have been given. In fact we think that it should not have been given. It contains some matters that were not proper to be given in charge to the jury.

2. The next complaint of the court's charge is that the court erred in the 20th paragraph of his charge to the jury wherein the jury were instructed as follows: "You are charged that intoxication produced by the voluntary recent use of ardent spirits constitutes no excuse for the commission of crime. However, in a case where the defendant is accused of murder, as in the case before you, you may, if you find that defendant killed Jess Jordan, take into consideration the mental condition of the defendant for the purpose of determining the degree of murder, if you should find him guilty of murder." Article 41 of the Penal Code is as follows: "Neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits, shall constitute any excuse in this State for the commission of crime, nor shall intoxication mitigate either the degree or the penalty of crime, but evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in any criminal prosecution in mitigation of the penalty attached to the offense for which he is being tried, and in case of murder the purpose of determining the degree of mur-

der of which the defendant may be found guilty. It shall be the duty of the several district and county judges of this State, in any criminal prosecution pending before them where temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquors, to charge the jury in accordance with the provisions of this article." It has been uniformly held since the adoption of this statute that intoxication which does not amount to or produce temporary insanity is not admissible in evidence even for the purpose of determining the degree of murder. Clore v. State, 26 Texas Crim. App., 624; Kelly v. State, 31 Texas Crim Rep., 216; Gonzales v. State, 31 Texas Crim. Rep., 508; Delgade v. State, 34 Texas Crim. Rep., 157. Undoubtedly, if the court was required to charge the law with reference to temporary insanity, he should have instructed the jury that not only should they take into consideration the mental condition of the defendant for the purpose of determining the degree of murder, if they should find him guilty of murder, but that they might consider such temporary insanity in mitigation of the penalty attached to the offense for which he was being tried. It may, however, in our opinion, well be doubted whether under the facts of this case, the issue of temporary insanity was in the case. Appellant's testimony given on the former trial, demonstrates that he knew practically everything that transpired up to and including the time of the killing. There was no effort to prove that he was incapable of distinguishing right from wrong. That he was intoxicated to some extent at the time of the killing is incontestably proven but there is, as we conceive, a wide difference between a mere drunkenness and insanity produced therefrom. The law is, as we conceive, that mere intoxication which is not insanity, is not to be regarded by the jury as affecting either the grade of the offense or the punishment to be assessed. At least, the court is not required so to charge. Being of the opinion that temporary insanity was not raised by the evidence, it follows from necessity, that we should hold that appellant is without just ground of complaint in respect to the charge of the court criticised.

For the error of the court above noted, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.