### E. W. YARDLEY v. THE STATE.

No. 3778. Decided June 10, 1908.

**Assault to Murder—Charge of Court—Provoking Difficulty—Conspiracy.**

Where upon trial of assault with intent to murder the evidence showed that the defendant was lawfully assisting the constable in keeping the peace at the time of the alleged homicide; that no ill-will existed between the defendant and the deceased at the time; that he had personally done nothing to provoke a difficulty; that he had made *no threats* against the deceased, or spoken a word to him, the court erred in submitting the law on a conspiracy and provoking a difficulty.

Appeal from the District Court of Burnett. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary..

The opinion states the case.

*Flack & Dalrymple,* for appellant: On question of provoking difficulty and conspiracy: Woodward v. State, 50 Texas Crim. Rep., 294; 17 Texas Ct. Rep., 128.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

This is the second appeal in this case. The first appeal is reported in 50 Texas Crim. Rep., 644; 18 Texas Ct. Rep., 759. In the case on the former appeal the court said: "Appellant also complains because the court charged on provoking a difficulty. We notice in the opinion of the court in the case of Woodward, supra, we stated that if the court was justified in charging on provoking a difficulty, he should certainly have charged on the converse of that proposition, to wit: if Woodward and his companion went to the club house on a peaceful mission, and deceased and Meachum engaged in an alter- cation over a gun, and appellant interposed, not for the purpose of producing an occasion for a difficulty, that his right of self-defense would not be impaired. · In this case, while the court gave a charge on provocation, he gave the converse · of this. We believe that there was enough testimony in the case to authorize this charge; and it further occurs to us that the charge as given was correct." We make this preliminary statement for the reason that the case seems to have been tried and submitted in accordance with the opinion on former appeal, and if the court was authorized to charge, in this case, on provoking a difficulty, and on a conspiracy to kill, we should have no hesitancy in affirming the case. We have carefully examined the record, and are of the opinion that the court committed no error in overruling appellant's application for a continuance, nor was error committed in ruling on matters of evidence, and as a whole the charge of the court is worthy of the highest commendation. We do not believe, however, that the court, under the facts of the case as presented in the record before us, was authorized to charge on provok- ing a difficulty or on conspiracy to kill or murder Pat Carroll, the deceased.

The facts show briefly that on the night of the homicide there had been a show in the town of San Saba where the killing occurred. Woodward, who participated in the shooting with appellant, was shown to be the constable of that precinct. Appellant was a barber. There was not the slightest ill-will or bad feeling shown between appellant and the deceased. Appellant was not present, nor was he acting or

aiding the constable on his own initiative or suggestion; on the con-
trary, it is conclusively shown in the evidence that he was assisting
Woodward, the constable, on the night in question by the request and
at the suggestion of Buck Chamberlain, who was a justice of the peace,
and was also deputy sheriff in San Saba County. Chamberlain testi-
fies that on the night in question he was not feeling well, and that he
suggested to Woodward that he might not be able to come back any
more that night, and that as there was going to be a show in town, he
had better get some one to assist him that night in keeping the peace,
and suggested that he get appellant, because, as Chamberlain says, he
wanted him to get a man that was not drinking; that there were no
other deputy sheriffs or peace officers in the town of San Saba that
night but himself and Woodward, and there was such a crowd in town
that evening, and some of them were drinking considerably, that he
thought Woodward would need some help in all probability. This
accounted for the fact that appellant was armed on the night in ques-
tion, and also accounted for the fact that he was present at or about
the place of the shooting. As applicable to appellant, practically the
only evidence raising the issue of provoking a difficulty or a conspiracy
to kill or murder the deceased is raised by the testimony of Mitch Alex-
ander, who testifies (having reference to the difficulty) as follows:
"We, that is, myself, defendant Yardley and Cal Woodward started on
back towards the club house. Woodward and Yardley were walking just
a little ahead of me. I could hear them talking in a tolerable low tone.
I could hear but very little they said. I heard Woodward say some-
thing about a gun and heard the defendant say, 'I'm at your back,' or
'I'll stand to your back.' I can't remember just exactly what he said."
There is nothing in the record to indicate in what connection this
language was used, or what else was said, or to whom the language
quoted referred. There were no threats shown by appellant, nor, as
stated, was there the slightest suggestion in the record that any ill-will
existed between appellant and deceased up to the time of the killing.
The record further shows, we think, beyond doubt that the deceased
fired two shots at Woodward before any one shot at him at all, and
that appellant probably fired the fourth shot that was fired in the dif-
ficulty. Provocation is always a limitation upon the right of self-
defense, and this court has frequently held that such a charge should
never be given to the jury unless the facts in the case justify it. If
we eliminate the question of conspiracy, and the matter of provoking a
difficulty, no sane mind can doubt that appellant was in a strong posi-
tion to interpose his plea of self-defense, for the reason that the evi-
dence shows that he had personally done nothing to provoke a difficulty;
had spoken no words to the deceased; had made no threats against him,
and entertained no ill-will towards him, and his conviction in this case
can only be accounted for on the theory that the jury believed there
had been or was a conspiracy between himself and Woodward to kill

Carroll, and that the difficulty out of which the killing grew was provoked by Woodward and appellant for this purpose.

We have gone carefully over the facts, and unless we have wholly misunderstood their probative force, it is clear to us that, as applied to appellant, these issues were not raised in the evidence, and that the court was in error in instructing the jury in respect to them. For this error, and this error alone, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*