### CAL WOODWARD v. THE STATE.

#### No. 3774. Decided June 24, 1908.

**1.—Murder—Continuance—Bill of Exceptions—Practice on Appeal.**

Where there is no bill of exceptions reserved to the court's action in overruling an application for continuance the same cannot be considered on appeal.

**2.—Same—Charge of Court—Express Malice.**

A defendant on trial for murder in the second degree is not entitled to an acquittal because the evidence against him would sustain a conviction for murder in the first degree; and there was no error in charging the jury that they could convict the defendant if they found that the killing was done upon express malice; the defendant having been acquitted of murder in the first degree.

**3.—Same—Charge of Court—Repetition.**

Where upon trial for murder the court repeated his charge on murder in the second degree and provoking the difficulty but the same were accurate and applicable to the facts, there was no error.

**4.—Same—Provoking Difficulty.**

See opinion for correct charge upon the issue of provoking the difficulty as applicable to the facts in this case.

**5.—Same—Self-Defense.**

Where upon trial for murder the evidence did not raise the issue that deceased was killed by another, and the court charged on self-defense, there was no error in the charge of the court.

**6.—Same—Conspiracy—Charge of Court.**

Where upon trial for murder the evidence did not raise the issue of conspiracy, it was reversible error to charge on same.

Appeal from the District Court of Burnett. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Flack & Dalrymple,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree and his punishment assessed at confinement in the penitentiary for a term of five years.

This is the second appeal of this case. The former opinion will be found in the 17 Texas Court Rep., 128, and the opinion in the companion case to this, will be found in the case of Yardley v. State, 50 Texas Crim. Rep., 644; 100 S. W. Rep., 399. The evidence in this record is in all substantial particulars like it was on the former appeal, and we adopt the statement of facts, as shown in the former appeal, as the statement in this case.

The first ground of the motion complains of the court overruling an application for continuance. Finding no bill of exceptions reserved to this action of the court in the record, we cannot review same. The second ground complains that the court erred in charging upon express malice and in telling the jury that they could convict the defendant if they found that the killing was done upon express malice, because the defendant had been heretofore tried and convicted of murder in the second degree, and the effect of said conviction would be to acquit him of murder based upon express malice.

The third ground of the motion quotes the charge of the court complained of in the second, which is as follows: "But in this connection you are instructed that, where the evidence establishes express malice as a fact, it is not to be understood that such proof would on the one hand be incompetent, but such evidence, notwithstanding it shows express malice, would in such case be sufficient to warrant a conviction for murder in the second degree." The charge before us presents every possible phase of the law applicable to the facts of this case in a most admirable way, and the charge last cited is according to the law of this State. In the case of Fuller v. State, 30 Texas Crim. App., 559, we held, that where there had been a trial for murder and a conviction for murder in the second degree, which was set aside, if the evidence on the

second trial establishes murder on express malice and murder in the first degree, this does not constitute such variance between the allegations and proof as would entitle defendant to an acquittal, but he may legally be convicted upon such proof of murder in the second degree. A defendant on trial for murder in the second degree is not entitled to an acquittal because the evidence against him would sustain a conviction for murder in the first degree. It follows that the charge of the court is correct.

The fourth ground of the motion complains that the court instructed the jury several times upon murder in the second degree, and repeats the charge upon "provoking the difficulty." We note that the latter criticism is correct. The charge does repeat on the issue of provoking the difficulty, but the charges are accurate in every particular as laid down by the rules of this court, and we will not reverse the case on account of repetition alone. The court did not err, as insisted in the fifth ground of the motion for a new trial, in charging upon provoking a difficulty. This was decided in a former opinion of this court.

The charge of the court on provoking the difficulty is as follows: "You are further instructed as a part of the law in this case, and as a qualification of the law of self-defense that if a person by his own willful and wrongful act brings about the necessity of taking the life of another to prevent being killed himself, he cannot say or claim that such killing was in his own necessary self-defense, but the killing will be in such case imputed to malice by reason of the wrongful act which brought it about or malice from which it was done.

"The law is that he who willfully brings on a difficulty in which he intends to wreak his malice and kill or inflict serious bodily injury upon the person with whom such difficulty is provoked, cannot avail himself of the shield of self-defense, though his own life be imperiled in the difficulty, and that the slayer, if he provoked the contest or produced the occasion with the unlawful and willful intention of killing the deceased or of doing him serious bodily injury is guilty of murder, although he may have done the killing suddenly and without deliberation to save his own life.

"In such a case the law allows no justification and no reduction of the grade of the homicide below that of murder. If you believe, therefore, from the evidence in this case, beyond a reasonable doubt, that the defendant by his own willful and wrongful acts (if any) went to where the deceased, Pat Carroll, was killed for the unlawful and willful purpose of provoking a difficulty with him with the unlawful and willful purpose and intention to kill Pat Carroll or inflict upon him serious bodily harm; and you further believe from the evidence beyond a reasonable doubt that the defendant did some act or used language, or did, both, with the unlawful and willful intention of producing an occasion to bring on a difficulty and to kill or inflict serious bodily injury upon the deceased, Pat Carroll, and that such acts or language or both of the defendant, if any such there were, were reasonably calculated under the

circumstances at the time, to provoke a difficulty with the deceased, Pat Carroll, and that such acts or language, or both (if any such there was) of the defendant, caused the deceased to attack the defendant with a gun, and the defendant in pursuance of his original, unlawful and willful intention to kill deceased or inflict upon him serious bodily harm; if any such intention he had, shot with a pistol and thereby killed Pat Carroll in order to save his own life, then if you find so, you are instructed that the defendant's plea of self-defense will not avail him and the homicide would be murder in the second degree, and if you so find from the evidence, beyond a reasonable doubt, you will find the defendant, Cal Woodward, guilty of murder in the second degree and assess the penalty as prescribed in this charge.

"If you find from the evidence beyond a reasonable doubt that the defendant did provoke a difficulty with the deceased, but you find that such difficulty was provoked (if any such was provoked) without any intention to kill or inflict serious bodily injury upon deceased, or if you have a reasonable doubt as to defendant's intention to kill or inflict upon deceased serious bodily harm and suddenly and without deliberation you find that defendant shot with a pistol and thereby killed the deceased, Pat Carroll, under the immediate influence of sudden passion arising from an adequate cause as the same has been hereinbefore explained to you in this charge on page 8 of the same, then, if you so find, you will find the defendant guilty of manslaughter and assess his punishment as prescribed in this charge."

This is an apt presentation, as stated above, of the law, and a correct charge upon the issue of provoking a difficulty. There was no error in the court's failing to charge the jury that appellant could continue to shoot until all appearances of danger had passed, since there was no evidence presenting this issue. Appellant swore that he did not shoot after deceased ran and did not know that any one else shot. There is no evidence showing that he did.

The eighth ground complains that the court failed to charge the jury that, if deceased was killed by Yardley in defense of the life of defendant, that defendant would not be guilty. This issue was not presented by the evidence. The court did tell the jury that if the defendant shot in his own necessary and proper self-defense, he would not be guilty of any violation of the law of this State, or if they had a reasonable doubt thereof, that he would be bound alone by his own intent.

Appellant insists there was no evidence presenting the issue of conspiracy. This issue was charged upon in the former appeal and the evidence, we thought then, suggested the issue, and we think so now.

We have carefully reviewed all of appellant's assignments of error and must say that the evidence amply supports the verdict. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

Decided June 24, 1908.

BROOKS, JUDGE.—This case was affirmed at a former sitting of this court and now comes before us on motion for rehearing.

Appellant insists that the court erred in holding that the law of conspiracy was suggested by the evidence in this case. This is the second appeal of this case and also of the companion case, E. W. Yardley v. State. The majority of the court in the E. W. Yardley case, at this sitting, reversed said case on the ground that the law of conspiracy was not suggested by the evidence. The writer was not present when said opinion was delivered, nor does he now think that the court is correct in holding that the law of conspiracy is not suggested by the evidence. The majority of the court, however, think that the court erred in charging upon the law of conspiracy, and deference to the will of the majority, the motion for rehearing is granted and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*