BUCK GARDNER v. THE STATE.

No. 209. Decided December 15, 1909.

**1.—Aggravated Assault—Charge of Court—Self-Defense—Mutual Combat.**

Where, upon trial for aggravated assault, the court's charge assumed certain facts referred to which were not correctly set forth, and the effect of said charge was to deprive the defendant of the right of self-defense, without regard to such right based upon the law of actual or apparent danger, and further assumed that there was an agreement between the defendant and the party injured for mutual combat, the same was reversible error.

**2.—Same—Charge of Court—Assuming Facts.**

Upon trial for aggravated assault, where the charge of the court had the effect to cut defendant off from his right of self-defense, without reference to his

intent or purpose in using certain language and doing certain acts attributed to him, the same was reversible error. Following Young v. State, 53 Texas Crim. Rep., 416.

Appeal from the District Court of Edwards. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of aggravated assault; penalty, a fine of $450.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal was prosecuted from a conviction of aggravated assault had in the District Court of Edwards County on the 12th day of June, of this year, in which appellant's punishment was assessed at a fine of $450. The evidence shows that in the town of Rocksprings appellant shot and wounded one George Arnett in a saloon. The parties had had a difficulty before this in which, as claimed, Arnett had insulted Gardner's wife. As the killing did not occur at the first meeting, as we interpret the facts, the court was not called upon to charge on manslaughter with reference to this alleged insult and it will not be further considered in the decision of the case. On the day of the shooting the parties met in Rocksprings and as we gather from the testimony there were two difficulties separated by some fifteen or twenty minutes in point of time. In what is called the first difficulty the parties, in the course of same, fell with Arnett on top of Gardner. They were separated and Gardner was carried in the saloon claiming and stating that he was badly cut. He was examined, however, and no wounds found upon him except a slight scratch on the collar bone. A physician, however, who examined him a short time after this, discovered a wound on his arm below the elbow, being a straight stab to the bone and which, as he states, would have caused a very painful wound. A short time after the first difficulty, and after Gardner had been examined, he came out in front of the saloon and sat down in a chair to the right of the door as you enter same. While sitting there the assaulted party, George Arnett, came up and sat down on a bench a short distance from Gardner. While sitting there, some of the witnesses say they heard a noise as of a knife snapping in the direction of Arnett, though none of them at any part of the difficulty claim to have seen a knife in Arnett's hands. Thereupon, appellant said this thing must stop or come to an end and got up and Arnett said, "All right" and they started toward each other. The witness Ellis ran between them and undertook to separate them, and while engaged in this effort appellant drew a pistol, when Ellis called to Arnett to run, Gard-

ner was going to shoot; that both Ellis and Arnett jumped for the door and just as they did so, appellant fired, Arnett falling in the door seriously wounded.

In this state of the record the court gave what is in most respects an admirable charge and which, as we think, was not subject to criticism, nor indeed is the same complained of, except in 14th paragraph thereof. This paragraph is as follows: "If you find and believe from the evidence that the defendant did assault and shoot the said Arnett, and you further find from the evidence that just a short time prior thereto the defendant and the said George Arnett had a fight or personal encounter, and that at the time of defendant firing the shot, or just before they had again met, and you find beyond a reasonable doubt that this defendant told said Arnett that these matters must stop or come to an end, and that thereupon defendant and said Arnett violently and willingly rushed at each other to fight and that under such circumstances and acting in pursuance of such an *agreement,* defendant fired the shot, then you are instructed that the law of self-defense as given you hereinbefore would not apply and the defendant, in the event you so find the fact to be, would be guilty of either an assault with intent to murder or of an aggravated assault, as you may determine from other facts and circumstances in evidence and as applied to the law given you pertaining thereto, and this no matter to what extremity the defendant may have been reduced in the combat. On the other hand, if you do not find that the defendant willingly and voluntarily entered into or began said fight or trouble, if any, his right of self-defense would in no manner be affected, limited or in any way abridged." This portion of the court's charge is complained of for many reasons and among others, because it is erroneous and prejudicial, and upon the weight of the evidence in that it assumes that certain facts referred to which were not correctly set forth in said charge, would, under the law absolutely deprive the defendant of the right of self-defense without regard to defendant's right of self-defense based upon the law of actual or apparent danger at the very time he may have said or done the things therein set forth. The charge is further complained of for that, that portion of same which instructs the jury, "and that thereupon defendant and said Arnett violently and willingly rushed at each other to fight, and that under such circumstances and acting in pursuance of such an *agreement,* defendant fired the shot, then you are instructed that the law of self-defense as given you hereinbefore would not apply," in that it assumes that evidence of an agreement had been introduced upon the trial of the case when no such testimony had been introduced, and the court was not authorized to pass upon the facts that were proven and construe such proof into an agreement to fight. We think, indeed, the charge of the court is subject to these criticisms. It was, no doubt, unintentional, but the use of the lan-

guage "in pursuance of such an agreement" tended to impress the jury that the facts would, of themselves, constitute an agreement to engage in voluntary combat, or that the court believed there had been and was such an agreement. We think, too, that the charge of the court was erroneous, in that the effect of same was to cut appellant off from his right of self-defense by virtue of said facts therein recited, and this without reference to his intent or purpose in using the language, or doing the acts attributed to him. It was held in the case of Young v. State, 53 Texas Crim. Rep., 416, that the mere fact that some act or declaration of the defendant, though not intended to have such effect, does bring on a difficulty or provoke an attack, whether so intended or not should not in every case abridge the right of self-defense, nor should have such effect, except on the principle and in case the original act was unlawful." See, also, Winters v. State, 37 Texas Crim. Rep., 582. Again, in view of the situation of the parties, the fact that it was night, the previous difficulty, and the threats proven, appellant was entitled to have submitted to the jury, the issue of an intended attack upon the part of Arnett then about to be made upon him, which the charge of the court, as we interpret it, effectually cut off.

The grounds of the motion based upon newly ·discovered testimony need not be discussed, as an opportunity will be given on another trial to produce this evidence.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*