J. F. WRIGHT v. THE STATE.

No. 8357. Decided February 6, 1924.

1.—Murder—Provoking Difficulty—Charge of Court—Converse Proposition.

Where, upon trial of murder, the court's charge on provoking the difficulty was without instructing the jury as to the converse of the proposition, same was reversible error under the facts of the instant case. Following

Mason v. State, 88 Texas Crim. Rep., 642, and other cases. Besides, the propriety of charging upon the subject of provoking the difficulty is seriously questioned.

**2.—Same—Defendant as a Witness—Cross-Examination.**

Where, upon cross-examination of appellant upon trial for murder, the State asked him if he had not sold whisky to a certain party, which appellant denied, and the State then proved by said person that he had bought whisky from appellant, to all of which objection was raised and there was no connection between this transaction and the killing, the qrestion should not have been asked.

Appeal from the District Court of Cherokee. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*John B. Guinn,* for appellant.—On question of provoking difficulty: Waller v. State, 234 S. W. Rep., 534; Woodard v. State, 111 id., 941, and cases cited in opinion

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Appellant is under conviction for murder, with punishment assessed at twenty years in the penitentiary.

The court charged on provoking the difficulty. This charge was assailed by timely exception on two grounds: (a) that the facts did not raise the issue; (b) that the charge as given is erroneous. The State concedes the justness of the second criticism. The subject of provoking the difficulty has many times been reviewed by this court. See Young v. State, 53 Texas Crim. Rep., 416, 110 S. W. Rep., 445, 126 Amer. State Rep., 792; Roberson v. State, 83 Texas Crim. Rep., 239, 203 S. W. Rep., 349; Woodard v. State, 54 Texas Crim. Rep., 86, 111 S. W. Rep., 941. In Mason v. State, 88 Texas Crim. Rep., 642, 228 S. W. Rep., 952, we again undertook to restate the law applicable when it was necessary to charge upon the issue. An examination of these authorities will disclose in what respects the learned trial judge fell into error in the charge criticised.

Unless we misapprehend the facts, the necessity or propriety of charging upon the subject of provoking the difficulty may be seriously questioned. On the morning of the killing, Skelton (the deceased), was coming up a lane towards appellant's home. Appellant went towards Skelton. Both were unarmed at this time. Skelton turned back to his home, after which appellant did likewise. They both reappeared armed with shotguns. They met in the lane and the killing followed. Both of them fired. Mr. Branch in his Ann. Tex. Penal

Code, at p. 1095, Sec. 1955, cites many authorities from which he deduces and states the correct proposition that, "If the only question involved is 'who made the first attack,' the issue of provoking the difficulty is not in the case." It occurs to us that this was the pivotal question in the present case. Both men being armed, and this being known to each of them, which made the first overt act or hostile demonstration? In other words, who made the first attack? We are inclined to the view that if the facts should be the same upon another trial, an instruction on provoking the difficulty should be omitted.

We advert to another matter which occurred during the trial. On cross-examination of appellant the State asked him if he had not sold whisky to one Newburn, which appellant denied. The State then proved by Newburn that he had bought whisky from appellant. Objection was urged to both proceedings. There appears to have been no connection between this transaction and the killing. The questions ought never to have been asked. The learned trial judge properly concluded that he had been in error in admitting this evidence and the next day withdrew it from the jury's consideration. This will not occur upon another trial, hence it is unnecessary to discuss whether the error in admitting the evidence could be cured by its withdrawal.

For the error pointed out, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*