BUSTER JOHNSON v. THE STATE.

No. 8761.   Delivered April 22, 1925.

1.—Aggravated Assault—Charge of Court—Simple Assault Issue.

Where on a trial for an aggravated assault with a pistol, there was evidence that the pistol in the hands of appellant's codefendant was not loaded, and was not presented nor aimed at prosecutor, the court should have submitted the issue of a simple assault.

2.—Same—Charge of Court—Defensive Theory.

Where the State sought to convict appellant of acting together with his brother, whom the state conceded was the actual assaulting party, the jury should have been instructed that if the appellant was not aware of the intention of his brother Chas. Johnson, to commit an assault there should be an acquittal, this issue having been raised by the evidence. Following Henderson v. State, 89 Tex. Crim. Rep. 32.

Appeal from the County Court of Palo Pinto County. Tried below before the Hon. E. L. Pitts, Judge.

Appeal from a conviction of an aggravated assault; penalty a fine of twenty-five dollars.

The opinion states the case.

*Ritchie & Ranspot,* of Mineral Wells, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.— The offense is aggravated assault; punishment fixed at a fine of twenty-five dollars.

The subject of the alleged assault was Carl Craddock. According to the State's testimony, he and Calabrizzi were together. They were told by the appellant that some one wanted to see them. They went around the corner and Charles Johnson, pointed a gun at Craddock and said: "Are you the s—n of a b—h that called me a

G—d d—n scab awhile ago." Craddock answered: "You have the wrong man." Calabrizzi went part of the way with Craddock. Craddock admitted on cross-examination that he had made a complaint against Charles Johnson on the following day, charging him with rudely displaying a gun, and that Charles Johnson said: "You are not the man I am looking for unless you are the one that called me a s—n of a b—h scab." Burnett, a Justice of the Peace, testified that Craddock made a complaint against Charles Johnson but did not give facts upon which to base a charge of assault. On the contrary, in his relation of the facts to the Justice of the Peace, according to the best recollection of the witness, Craddock said that Chas. Johnson did not draw a gun on him.

Charles Johnson testified that as he walked on the street some men were sitting on a truck. Some one said: "There goes two scab s—n of a b——s." Charles Johnson went home, got his gun and returned. He saw two men whom he took to be those who had insulted him. Buster Johnson was told to tell the men that Charles wanted to see them. When Craddock arrived, Charles asked him if he was the one who had called him a s—n of a b—h and a scab. He further stated that the gun was not loaded; that he did not raise it to his side; that he had no intention of injuring Craddock or assaulting him. It seems that the animosity grew out of the fact that Charles and Buster Johnson were non-union miners and there was ill-feeling between them and the men who belonged to the labor union. Charles said that he did not tell his brother that he was going after his gun; that Buster did not know what Charles wanted with the men. The witness further said that the union men had been beating up men, and that it was his purpose to make the persons who insulted him take back what they had said; that he did not know whether they would assault him or not; that Craddock was not known to him.

The case was submitted to the jury on the theory that the appellant was a principal offender. Various exceptions were addressed to the charge, among them the failure to charge on simple assault. Since there was evidence that the gun was not loaded, and further, that it was not presented or aimed at Craddock, the issue of simple assault was in the case. See Hall v. State, 230 S. W. Rep. 690. However, in the absence of a requested charge, the matter is not available in this court.

By exceptions to the charge and special charges requested, appellant made proper complaint and brings here for review the failure of the court to instruct the jury in connection with the law of principals, that if the appellant was not aware of the intention of Charles Johnson to commit an assault, there should be an acquittal. This instruction we think should have been given. Whether Charles Johnson committed the assault was a controverted issue. It was

controverted by the denial of Charles that he committed the assault, and he also affirmatively stated that he did not raise his gun at all and did not intend to do so. There was impeaching testimony against Craddock given by the Justice of the Peace to which reference has been made. The witness Calabrizzi did not testify to an assault. If, in seeking an interview with Craddock, Charles Johnson intended to assault him and the appellant Buster Johnson, was aware of that fact, and with knowledge of it requested Craddock to go where Charles Johnson was, he would be responsible for the acts of Charles Johnson. However, if he did not know that Charles Johnson intended to make an assault, but believed that his intent would go no further than to ask for a retraction of the insulting language, if in fact Craddock was guilty of it, then he would not be responsible for any assault that Charles Johnson made. This phrase of the case was not made plain to the jury, but we think it should have been done so. See Henderson v. State 89 Texas Crim. Rep. 32.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*