TEXAS (RED) ALLEN, ALIAS G. C. ALLEN, v. THE STATE.

No. 15397.    Delivered November 23, 1932.

Reported in 54 S. W. (2d) 810.

The opinion states the case.

*Chas. T. Rowland,* of Fort Worth, for appellant.

*Cecil C. Rotsch,* Asst. Criminal District Attorney, and *Stanley Bransford,* Asst. Criminal District Attorney, both of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $50 and confinement in jail for sixty days.

The state's testimony was, in substance, as follows: Appellant was a professional wrestler, and was connected with a side show on the grounds of the Southwestern Exposition and Fat Stock Show at Fort Worth. Homer Schofner, the injured

party, and Paul Schofner, who were brothers, entered the show with which appellant was connected. As they entered, Dobie Osburn, a wrestler, who was also conected with the show, came out into the arena and challenged anyone present to wrestle him; the condition being that the acceptor of the challenge was to receive all of the gate receipts of the show if he was not thrown by him (Osburn) within ten minutes. Paul Schofner accepted the challenge. While the match between him and Osburn was in progress, harsh words passed between Homer Schofner, who was encouraging his brother in the match, and some other wrestlers connected with the show, who were encouraging Osborn. Before the ten minutes was up, Osburn was given the decision over Paul Schofner. Immediately after the wrestling match was finished, and as Paul Schofner and his brother were leaving, a fight started between the Schofner brothers on one side and several wrestlers connected with the show on the other. In this fight Homer Schofner's leg was broken. He had to remain in bed in a hospital from the date of the injury, March 6, 1932, until the date of the trial, March 30, 1932. The attending physician and surgeon testified that he would probably never recover the complete use of his leg. Appellant participated in the fight, jumping up and down on the injured party with his feet while he (the injured party) was being beaten by the other participants in the difficulty. At the same time some one twisted the injured party's leg and broke it.

Appellant testified that he was not in the tent on the occasion in question and knew nothing about the difficulty. He said there had been some harsh words between the parties prior to the time he left the tent, his testimony being to the effect that Homer Schofner and Paul Schofner were the aggressors. Several witnesses testified that appellant did not participate in the difficulty. Also they stated that the Schofner boys were the aggressors in the difficulty, some of them saying that no attack was made on the injured party, but that he fell from the platform and injured himself.

Appellant was convicted in the county court at law, No. 1, of Tarrant county. He urges that the act creating this court is invalid. Apparently reliance is had upon the case of State v. Gillette's Estate (Texas Com. App.), 10 S. W. (2d) 984, in which it was held that the Legislature was without power to increase, diminish, or change the jurisdiction of county courts of this state in probate matters. The court, however, recognized the power of the Legislature,

under section 1, article 5, of the Constitution, to create such other county courts as the Legislature deemed necessary, and confer upon them criminal and civil jurisdiction within the limitations provided in section 22 of article 5 of the Constitution. We quote the section last mentioned as follows: "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts; and, in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

We are constrained to overrule appellant's contention.

Appellant contends in his brief that the court erred in not submitting a charge covering the law of simple assault. It appears that the first time appellant referred to the court's failure to submit a charge on the subject was in his motion for a new trial. In the absence of a special charge, the matter can not be reviewed by this court. Johnson v. State, 100 Texas Crim. Rep., 28, 271 S. W., 622.

Appellant objected to the charge of the court on the ground that it twice informed the jury as to the punishment that could be assessed in the event of a conviction. We are unable to see how the repetition could have injured appellant. The charge as to the penalty was accurate in both instances. In Woodard v. State, 54 Texas Crim. Rep., 86, 111 S. W., 941, 942, the court repeated the charge upon provoking the difficulty. This court said: "The charge does repeat on the issue of provoking the difficulty, but the charges are accurate in every particular as laid down by the rules of this court, and we will not reverse the case on account of repetition alone."

The court instructed the jury on the law of principals as follows: "All persons are principals who are guilty of acting together in the commission of an offense, and principals, whether jointly indicted or not, may be legally prosecuted and convicted as such, provided the evidence adduced against each clearly and satisfactorily establishes the guilt of each. Where an offense has been committed, the true criterion for determining who are principals is 'did the parties act together in the commission of the offense? Was the act committed in pursuance of a common intent, and in pursuance of a previously formed design in which the minds of all united and concurred?' If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in execution of the common design and intent of all, whether in

point of fact all were actually bodily present on the ground where the offense took place or not."

Appellant objected to the charge as follows: "For the reason there are no allegations in the information and complaint of a common design or conspiracy connecting or attempting to show any overt act or gesture in furtherance of the commission of any offense on the part of this defendant. For the further reason said charge is prejudicial to this defendant and not warranted by the evidence, but is contrary to the evidence in the case."

The court submitted an instruction on alibi. It is observed that appellant did not except to the charge on the ground that it was contradictory of the charge on alibi. That a charge on principals was warranted is made plain by the evidence; the state's testimony being to the effect that appellant and several others acted together in making the assault on the injured party. However, in view of the fact that appellant relied upon an alibi, it is doubtful whether the charge in question was, in its entirety, proper. Appellant objected to the entire charge, notwithstanding the fact that the charge was correct in that part in which the jury were advised that all persons are principals who are guilty of acting together in the commission of an offense. Article 65, Penal Code. A charge on principals being warranted, the effect of appellant's criticism, as embraced in his exception, was to assert that the court had inaccurately stated or applied the law of principals. Under such circumstances, this being a misdemeanor case, the alleged faults in the charge can not be reviewed on appeal, in the absence of a specific exception to the charge pointing out the defect, and, in addition thereto, a special charge presented correctly stating the law of principals. Jones v. State (Texas Crim. App.), 20 S. W. (2d) 1067; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W., 671. Appellant presented no special charge.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.