Curtis GARRETT, Appellant,

v.

The STATE of Texas, State.

Nos. 2–81–162–CR, 2–81–163–CR.

Court of Appeals of Texas,
Fort Worth.

July 7, 1982.

Rehearing Denied Sept. 15, 1982.

Discretionary Review Granted
Dec. 15, 1982.

Frank S. Wright, William A. Bratton, III, Dallas, for appellants.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from two convictions under separate indictments alleging two briberies occurring on different dates. The appellant, Curtis Garrett, was alleged to have conferred benefits upon an investigator, Don Evans, in return for Evans' cooperation and protection in relation to appellant's illegal gambling activities. A jury assessed appellant's punishment at eight years imprisonment and a $10,000.00 fine in regard to both charges.

We affirm.

Appellant's first ground of error is that the trial court erred in admitting an extraneous offense alleged to have been committed by the appellant.

Don Evans testified that he had conversed with appellant relating to Aymon Armstrong, a former undercover gambling investigator who had evidently been arrested for robbery and murder. Appellant supposedly made Armstrong's bond. This is the testimony to which appellant objects:

Q. Would you tell the jury what else the Defendant told you in relation to this case with Aymon Armstrong?

A. He told me that there was a witness that probably could put Aymon Armstrong in the penitentiary that—by the name of Red Holt who he would kill just for a favor for Aymon if he thought he could get to him.

Appellant's defense was one of entrapment and the State argues, in part, that the statement was admissible to rebut that theory.

There appears to be some question on the issue of whether the Texas entrapment law under V.T.C.A., Penal Code sec. 8.06 (1974) mandates the application of an objective or a subjective test. *Bush v. State,* 611 S.W.2d 428 (Tex.Cr.App.1981); *Langford v. State,* 578 S.W.2d 737 (Tex.Cr.App.1979). Here, if an objective test were to be applied, the appellant's alleged statement would not rebut the claim of entrapment. Under a subjective test it would depend on questions of relevancy. However, we need not resolve this issue inasmuch as the statement has independent relevance as *res gestae.*

We have serious doubts as to whether the objected to testimony actually constitutes evidence of an extraneous offense. If it does not, the usual rules as to admission of

extraneous offenses would be inapplicable. We shall assume for our purposes, however, that it is evidence of an extraneous offense.

Events do not occur in a vacuum. The jury has the right to hear what occurs before and after the commission of the offense so that they may realistically evaluate the evidence. *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972). Thus, the statement was *res gestae* and thus part of the events which ultimately culminated in the alleged agreement and conferral of benefits upon Don Evans.

The probative value of the statement is derived through its implicit communicative content and the likely effect it would have upon the hearer. We overrule the first ground of error.

Appellant's second ground of error complains of the trial court's allowing the State to provide the jury with written transcripts as an aid to their listening to a tape recording introduced in evidence. Appellant does not question the authentication of the transcript as a predicate to its admissibility. Nor does he claim he was without opportunity to challenge the accuracy of the transcript. His complaint is that the transcript bolstered the tape recording and influenced the jurors as to the correct interpretation of the tape recording.

At the outset we note that appellant had his own version of the tape recording but chose not to submit it to the jury when the trial court gave him an opportunity to do so. The State's transcript was provided to the jury only as it listened to the tape recording. The transcript was not admitted in evidence nor was it available to the jury as it deliberated.

Before the transcript was provided to the jury, the trial court instructed the jury that the transcript was the State's version and that the transcript was merely an aid. The trial court further instructed that the tape recording controlled as to any possible variances.

The propriety of providing transcripts to the jury, *per se,* has never been specifically addressed in Texas. There is mention of the practice in *Saunders v. State,* 572 S.W.2d 944 (Tex.Cr.App.1978) and *Lewis v. State,* 529 S.W.2d 533 (Tex.Cr.App.1975). However, these cases are of no real assistance here.

The Fifth Circuit Court of Appeals has ruled the use of transcripts to be acceptable and has analogized their use to the use of expert testimony as a device aiding a jury in understanding other types of real evidence. *United States v. Onori,* 535 F.2d 938 (5th Cir. 1976). As was stated in *Onori* there are two reasons a written transcript would be desirable as an aid to the jury: (1) portions of a tape may be relatively inaudible; and (2) without the aid of a transcript, it may be difficult to identify the speakers. It was pointed out in *Onori* the key to protecting a defendant's rights lies in seeking limiting instructions.

We hold that the use of the written transcripts was permissible especially in view of the fact that a limiting instruction was given by the trial court. We need not address the authentication process because this aspect is not actually at issue. We further hold that, at least in this case, there was no bolstering of the tape recorded evidence. Portions of the tape recording were inaudible. Appellant had an opportunity to submit his own version but consciously chose not to do so. We overrule the second ground of error.

By his third ground of error appellant contends that the trial court erred in limiting appellant's cross-examination of a prosecution witness called to rebut the defense theory of entrapment.

This particular witness had conducted an interview with Dace Smith, a former police officer. On direct examination he testified that Smith had said that he knew of some relationship between appellant and Don Evans but he did not know the extent of such relationship. This testimony was in direct reference to paragraph seven of a written report of the interview the witness had had with Smith. Paragraph seven of the report dealt solely with his knowledge of the relationship between appellant and Evans.

When appellant was cross-examining the witness he attempted to inquire as to paragraph six of the written report which reads as follows:

SMITH said based on what he knows about the law, it is his opinion that EVANS entrapped PITTMAN and HENIE BRAUER when he began taking money from PITTMAN. HITRI died in December 1977.

It is readily apparent that paragraph six relates in no way to the relationship existing between appellant and Evans.

Appellant relies upon V.A.C.C.P. art. 38.-24 (1979) in support of his position that inquiry into paragraph six of the report was improperly refused:

When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence.

It is important that the remaining portions of a conversation, etc., relate to the same subject. The thrust of Article 38.24 is that the remaining portions are admissible to explain that portion which is before the court or jury so that it may be fully understood. See: *Bermudez v. State,* 504 S.W.2d 868 (Tex.Cr.App.1974). We fail to see how the opinion of entrapment of others is related to the matter of the existing relationship between appellant and Evans. We overrule the third ground of error.

■ Appellant's fourth ground of error is that the trial court erred in refusing to submit this instruction on the law of entrapment to the jury:

You are further instructed that, having once determined that there was an inducement by law enforcement agent, if there was, you need only consider the nature of the law enforcement agent's activity involved, without reference to the previous position of the defendant, Curtis G. Garrett, to commit the offense alleged in the indictment.

This instruction would have supplemented the following portion of the court's charge.

You are further instructed that it is a defense to prosecution that a person engaged in the conduct charged against him because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense; however, the conduct of law enforcement agents that merely affords a person an opportunity to commit an offense does not constitute entrapment.

Now, if you find from the evidence that on the occasion in question, the defendant, Curtis G. Garrett, knowingly and intentionally offered, conferred, and agreed to confer a benefit on Don Evans, a public servant, with intent to influence said Don Evans in the specific exercise of his official duties, solely because he was induced to do so by Don Evans, a law enforcement officer, by persuasion or any other means likely to cause a person to do so, or if you have a reasonable doubt as to such matters, you will acquit the defendant and say by your verdict not guilty.

Appellant's complaint is that the trial court's charge focused the jury's attention on the appellant's proclivity to commit the crime rather than the actions of the law enforcement officers.

As we have discussed above, in ground of error number one, the law in Texas is unsettled as to whether a subjective or objective approach is to be taken in cases involving entrapment. Regardless of this confusion, however, it is obvious to us that the court's charge focused the jury's attention upon the conduct of the officer. Appellant is not entitled to a double submission of his desired theory. We overrule the fourth ground of error.

Appellant's fifth ground of error consists of five subparts, each of which goes to alleged improper jury argument upon the part of the State.

Subpart a. attacks this argument by the State:

And merely because its [the law of entrapment] in the Charge doesn't have any significance. The Court has to charge you on any law no matter how remotely it may have been raised by the evidence—

Appellant's objection was sustained and the jury was instructed to disregard this comment.

We begin with this basic premise: To be within the proper scope of propriety, jury arguments need to be within the area of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App. 1973). In *McClory v. State,* 510 S.W.2d 932 (Tex.Cr.App.1974) it was elaborated that a reasonable and proper explanation of the law of the case as contained in the court's charge is an example of a plea for law enforcement. Thus, "a prosecutor may *without referring to any belief of the trial court* properly advise the jury that any relevant testimony which raises a material fact issue will cause the court to submit a charge explaining the law on that issue". *McClory v. State, supra* at 934.

We hold that the State's argument was within the bounds of proper jury argument. No reference to the trial court's belief was made. Subpart a. is overruled.

Subpart b. attacks the State's response to appellant's argument that a witness, Dace Smith, a convicted murderer, was a truthful witness. Appellant argues that the minds of the jurors were inflamed because the State, in accentuating the viciousness of murder, argued that even the victim of rape returns to her loved ones. We hold that the State was merely responding to appellant's argument that Smith was truthful. *Alejandro v. State, supra.* We overrule Subpart b.

Subpart c. attacks the State's argument associating appellant with "money men" in other cases of which there was no evidence in the record. Not only was it a reasonable deduction from the evidence that appellant was the money man, it was a permissible plea for law enforcement. *Alejandro v. State, supra.* In any event, the jury was instructed to disregard the statement. An instruction to disregard will normally cure error in jury argument unless the remarks are so inflammatory that their prejudicial effect cannot reasonably be removed by such an admonition. *Hodge v. State,* 488 S.W.2d 779 (Tex.Cr.App.1973). The error here, if any, was cured. We overrule Subpart c.

We likewise overrule Subpart d. in which appellant attacks the State's argument which addressed appellant's entrapment defense. It was the State's argument that a conviction could not be obtained only on accomplice testimony. In view of appellant's implied admission of guilt by his stipulation of the entrapment defense, we hold that the trial court's instruction to the jury to disregard cured any error committed. We overrule Subpart d.

The jury was also instructed to disregard the argument which is the basis of Subpart e. which attacks the argument by the State that the District Attorney, as well as "every dedicated sincere policeman who had to bow their heads", would appreciate a guilty verdict.

There is no doubt that this argument is outside the record and exceeds the bounds of proper jury argument. This was not a proper plea for law enforcement. However, we do not see that this argument rises to the same level of impropriety as an argument as to what the community expects. *Crawford v. State,* 511 S.W.2d 14 (Tex.Cr. App.1974). Our holding is that the instruction to the jury cured the error committed. We overrule Subpart e.

We also overrule Subpart f. in which appellant attacks this argument:

And every police officer who wants to be square will appreciate your verdict because we have done the best we can and we have tried this case the best we can.

Our reasoning applied in overruling Subpart e. is equally applicable to Subpart f.

The judgment of the trial court is affirmed.