Curtis **GARRETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 872–82, 873–82.

Court of Criminal Appeals of Texas, En Banc.

July 20, 1983.

Frank S. Wright, William A. Bratton, III, Dallas, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted in two cases of bribery. Punishment was assessed in each case at eight years and a $10,000 fine. The Court of Appeals affirmed the convictions. *Garrett v. State,* 639 S.W.2d 18. We granted the petition for review to consider the disposition of appellant's second ground of error.

The jury heard as evidence in these cases a tape recording of a conversation between appellant and one of the state's witnesses. At the time the tape was played in the courtroom, the jury was allowed to read along a transcript of the recording which the witness who made the recording and who was a party to the conversation testified accurately reflected the conversation and identified the voices on the tape. Appellant's ground of error which we have agreed to consider complains of the trial court's decision to allow the jury to use this transcript of the conversation. Specifically, appellant objected at trial:

"... we certainly object to any transcript of such recordings as being a two-phase bolstering. The transcripts I submit to the court and ask the District Attorney to advise me if I'm incorrect, the transcript has been compiled by law enforcement authorities. Secondly, that the tapes are at least portions inaudible and are subject to interpretation and that interpretation is contained in the transcripts. I object to the use of the transcripts in conjunction with the tapes which once again being duplicitous and an attempt to bolster...."

At trial and on appeal appellant relies on *Lewis v. State,* 529 S.W.2d 533, at footnote 1, where the Court stated:

"We do not approve the State's offer of its transcribed version of the taped conversation. After all, the tape itself was simply corroborative of Senters' testimony. Technical imperfections in the reproduction of the conversation did not authorize the State to submit its version in written form and thereby make the written transcript available to the jury during its deliberations. Art. 36.25, V.A.C.C.P. This was, in essence, bolstering Senters' version of the conversation. *Newton v. State,* 147 Tex.Cr.R. 400, 180 S.W.2d 946; 62 Tex.Jur.2d, Witnesses, Section 238, p. 186."

■ First we observe that unlike the situation in *Lewis,* the transcript in this case was *not* introduced in evidence. It was made available to the jurors *only* during the playing of the tape. Also, as noted in the opinion of the Court of Appeals, the record reflects that the jury was instructed:

"... I will instruct you that you will only be permitted to use this as you listen to the tape to aid you, if it does, in understanding the contents of the tape. This is a transcript prepared by the State of Texas for your use at this time and you will remember that they caused it to be prepared. If there should be in your mind any variance whatsoever between what you hear on the tape and what you see on the transcript of conversation, you are to remember what is on the tape and not what is on the transcript. These transcripts will be retrieved from you after you have been permitted to use them during the course of listening to the tape. So, don't depend on the transcript for your later deliberation as you will not be permitted to take the transcript of conversation with you to your jury room. It will be reclaimed from you after the tape has been played. With those limiting instructions I will at this time ask the bailiff to distribute these twelve copies...."

■ Second we observe that the *Lewis* Court was in error when it stated that use of a transcript of a tape constitutes bolstering. Properly speaking bolstering, as illus-

trated in *Newton v. State,* supra, and Tex. Jur.2d relied on in the *Lewis* footnote, involves the use of evidence of prior consistent statements or the like. The use of the transcript under the circumstances presented in this case, having been identified as an accurate rendition of the conversation by a participant in the conversation, is no different than testimony by that witness that the transcribed words were spoken by the participants at the time of his conversation with appellant. Since appellant was a participant in the conversation, it was not a violation of the hearsay rule to prove the conversation.[1] Since it was not evidence of some later report about the conversation to a third person, it was not bolstering evidence. Since the transcript was not introduced and not available during jury deliberations, there was no danger of the jury having the evidence before them during deliberations in violation of Art. 36.28, V.A. C.C.P., and thereby being unduly influenced by it.

Under the circumstances presented in this case we hold it was not error to overrule appellant's bolstering objection.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., concurs in result.

CLINTON, Judge, dissenting.

The dearth of authority in the majority opinion, though the State provides a host of decisions it says shows that federal courts have "almost uniformly permitted the use of such transcriptions as aids for the jury when the proper cautionary instructions have been given by the trial judge," indicates that the Court is not now joining that company. Rather, by holding the trial court did not err in overruling appellant's "bolstering objection" in "*the circumstances presented in this case,*"[1] and by not addressing at all his other objection that the tapes are "subject to interpretation and that interpretation is contained in the tran-

scripts," this Court seems to be reaching a narrow conclusion that is limited to the facts of this cause.

In that I find much solace, for were the majority adopting the federal practice I would be compelled to elucidate competing views capsuled by the Court in *Lewis v. State,* 529 S.W.2d 533, 535, n. 1 (Tex.Cr. App.1975). Still, I dissent even to the limited holding since it is clear to me that the function of the exercise is for jurors first to determine content of the recordings in order then to comprehend taped conversations which otherwise they were unable to understand *in toto.*

Moreover, that appellant "was a participant in the conversation" does not, as the majority would have it, remove the conversations from the hearsay rule. There may well be a valid basis for admitting them, but the majority has not found it.

Accordingly, I respectfully dissent.

TEAGUE, J., joins.

---

1. There was not even a hearsay objection at trial. The trial objection was as set out above.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.