Mark KLEESE, Appellant,

v.

The STATE of Texas, State.

No. 2–83–314–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 21, 1984.

Woodruff, Fostel, Wren & Simpson and Melton D. Cude, Decatur, for appellant.

Brock R. Smith, Dist. Atty., Decatur, for appellee.

Before HUGHES, JORDAN and ASH-WORTH, JJ.

OPINION

JORDAN, Justice.

The appellant was arrested along with six other people at a ranch in Wise County, Texas, which had been under surveillance by Fort Worth narcotics officers. This appeal is from a conviction of appellant for organized criminal activity consisting of unlawful delivery of hydromorphone in an amount less than twenty-eight (28) grams and unlawful delivery of a usable quantity of marihuana in an amount of more than four (4) ounces, but less than five (5) pounds. Punishment was assessed by a jury at twenty-five (25) years in the Texas Department of Corrections. Appeal has been taken alleging five (5) grounds of error.

The judgment is affirmed.

Appellant in his first and second grounds of error claims that there was no evidence or alternatively insufficient evidence to support the jury's verdict. The court charged the jury on the law of circumstantial evidence.

■ In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the jury's verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on rehearing). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia,* 443 U.S. 307, 317–18, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Thus, it follows that a conviction based on circumstantial evidence cannot be sustained "if there is a 'reasonable hypothesis' other than the guilt of the accused, [for] then it cannot be said that the guilt has been shown 'beyond a reasonable doubt' ". *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (quoting *Denby v. State,* 654 S.W.2d 457, 465 (Tex.Crim.App.1983) (opinion on rehearing) (McCormick, J., concurring).

■ There was testimony that on the day of the arrest, appellant and three other men spent most of the day walking around the ranch. They were carrying guns. Appellant's living quarters, in the upstairs part of the horse barn, gave him a good view of the entire ranch. There was testimony that appellant was present when the down payment was made on a trailer later found to contain kilos of marihuana. When appellant was arrested in his living quarters, police found a loaded .30–.30 lever action rifle lying behind appellant's head. A switchblade knife was discovered nearby. The shoulder holster which was sewn inside appellant's jacket was also found to contain a handgun. We find this evidence sufficient for the jury to conclude appellant was acting as an armed guard.

Finally, we note that the State does not have to directly refute appellant's contention that he was only a stablehand. *See Jackson*, 672 S.W.2d at 804. The rational triers of fact chose to believe the State's evidence and to disbelieve appellant.

Grounds of error one and two are overruled.

Grounds of error three, four, and five all concern the court's charge to the jury on the law of criminal responsibility. The court charged the jury as follows:

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he aids or attempts to aid the other person to commit the offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, or aids or attempts to aid the other person to commit the offense.

In his third ground of error appellant complains that the trial court erred in charging the jury twice on the State's theory that appellant was criminally responsible for the conduct of another. He argues such action unduly emphasized the State's theory of criminal responsibility. Appellant did not raise this objection to the charge at trial. Where there is no objection to the charge at trial only fundamental error will be considered on appeal. *Rubio v. State*, 607 S.W.2d 498, 502 (Tex.Crim. App.1980).

The cases, *Parsons v. State*, 160 Tex. Cr.R. 387, 271 S.W.2d 643 (1953), and *Garrett v. State*, 639 S.W.2d 18 (Tex.App.— Fort Worth 1982), *aff'd on other grounds*, 658 S.W.2d 592 (Tex.Crim.App.1983), cited by appellant are not controlling. These cases merely state that a defendant is not *entitled* to a double submission. *Parsons*, 271 S.W.2d at 654; *Garrett*, 639 S.W.2d at 21. They do not address the issue of whether a repetitive submission is so unfair and prejudicial as to constitute fundamental error.

A jury charge is fundamentally defective when: (1) that portion of the court's charge to the jury which applies the law to the facts authorizes conviction on a theory not alleged in the indictment; (2) the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment; (3) the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment; and (4) the charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense. *Cumbie v. State*, 578 S.W.2d 732, 733–35 (Tex.Crim.App.1979). Clearly any error in twice submitting an instruction on criminal responsibility does not fall within these four categories. *See id.; see also Woodard v. State*, 54 Tex.Crim. 86, 111 S.W. 941, 942 (Tex.Crim.App.1908) (court will not reverse on basis of repetition alone). Appellant's third ground of error is overruled.

In his fourth ground of error appellant claims that the trial court erred in submitting the complete statutory definition of "criminal responsibility for the conduct of another" as the facts do not show any "solicitation, encouragement or direction" on the part of the appellant. We see no merit in appellant's contention as the court's definition tracked the language of the statute. *See* TEX. PENAL CODE ANN. sec. 7.02(a)(2) (Vernon 1974).

The cases cited by appellant do not support his position. These cases discussed the court's failure to apply the law to the facts in the application paragraph. *See Williams v. State*, 622 S.W.2d 578, 579 (Tex.Crim.App.1981); *Perez v. State*, 537 S.W.2d 455, 456 (Tex.Crim.App.1976); *Harris v. State*, 522 S.W.2d 199, 202 (Tex.Crim. App.1975). In the present case, however, appellant has objected to the wording in the definitional section of the court's charge, not the language contained in the application paragraph. Appellant has cited

no cases and we have found none which require the court to apply the facts of the offense to the definitions given to the jury. *See Turpin v. State,* 606 S.W.2d 907, 910 (Tex.Crim.App.1980) (specific facts of offense need not be applied to general instructions and definitions in court's charge); *Jones v. State,* 576 S.W.2d 393, 394 (Tex.Crim.App.1979) (broad definitions do not constitute reversible error). We accordingly overrule appellant's fourth ground of error.

In his fifth ground of error appellant complains that the contents of the doubly submitted instruction on criminal responsibility was contradictory and therefore confusing to the jury. Appellant points out that the first definition of criminal responsibility does not include the words "solicits, encourages and directs" while the second instruction deleted the sentence involving "mere presence". Appellant contends this instruction was fundamentally defective.

■ When evaluating the charge, the reviewing court will view the charge as a whole. *Crocker v. State,* 573 S.W.2d 190, 207 (Tex.Crim.App.1978); *Pittman v. State,* 554 S.W.2d 190, 191 (Tex.Crim.App. 1977).

■ After viewing the charge in its entirety, we conclude the jury was not misled so as to deny appellant a fair and impartial trial. Consequently, no fundamental error was shown. Ground of error five is overruled.

The judgment is affirmed.