IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-148-CR




DWAYNE EARL KENDRICK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 39,722, HONORABLE JOE CARROLL, JUDGE


 





PER CURIAM

 A jury found appellant guilty of delivering less than twenty-eight grams of cocaine. 
Tex. Health & Safety Code Ann. § 481.112 (Pamph. 1991). The district court assessed
punishment at imprisonment for sixteen years. We affirm.

 Dale Cobb, who at the time of the offense was a sheriff's deputy working
undercover, testified that he purchased cocaine from appellant on the night of November 20,
1990. A tape recording of the transaction was introduced in evidence and played for the jury. 
In two points of error, appellant complains of the admission of the recording and of the use by
the jury of a transcription of the recording prepared by the State.

 The predicate for admitting sound recordings contains seven elements: a showing
that the recording device was capable of taking testimony; a showing that the operator of the
device was competent; a showing of the authenticity and correctness of the recording; a showing
that changes, additions, or deletions have not been made; a showing of the manner of the
preservation of the recording; identification of the speakers; and a showing that the testimony
elicited was voluntarily made without any kind of inducement. Edwards v. State, 551 S.W.2d
731, 733 (Tex. Crim. App. 1977). At least some of the requirements may be inferred from the
testimony. Id. Appellant objected to the admission of the tape recording on the ground that "the
proper predicate has [not] been laid in that the State has [not] shown that the instrument used was
capable of making a sound recording and that the individual who was operating it was incapable
[sic] of operating it correctly to make such a sound recording."

 Killeen police officer Charles Longwell was the backup officer who made the
recording. Longwell testified that he specialized in the use of audio equipment in police
investigations, that he understood how the recording equipment used in this case worked, and that
he conducted the test used to ensure that the equipment functioned properly. We find that the trial
court could reasonably conclude from this testimony that the recording device was capable of
taking testimony and that Longwell was competent to operate it.

 In his brief, appellant argues that other elements of the predicate for admitting the
recording were not shown, but he did not preserve these matters by objection. In any event, we
find from our review of the statement of facts that all seven elements of the predicate were shown
either expressly or by fair implication from the testimony. Point of error six is overruled.

 Appellant did not obtain a ruling on his objection to the jury's use of the
transcription of the recording. Thus, the complaint was not preserved for review. Tex. R. App.
P. Ann. 52(a) (Pamph. 1991). We note that the court of criminal appeals has approved the use
of such transcriptions. Garrett v. State, 658 S.W.2d 592 (Tex. Crim. App. 1983). Point of error
five is overruled.

 In points of error three and four, appellant contends the district court erred by
admitting evidence of extraneous offenses. Tex. R. Crim. Evid. Ann. 404(b) (Pamph. 1991). 
Over objection, the State's witnesses testified that the undercover operation which led to
appellant's arrest was begun after numerous complaints from citizens about drug dealing in the
neighborhood, and that drug purchases had been made from numerous unnamed individuals.

 Evidence that is essentially background in nature is relevant and admissible as an
aid to understanding. Tex. R. Crim. Evid. Ann. 401 (Pamph. 1991); Mayes v. State, No. 504-88
(Tex. Crim. App., May 29, 1991). But the "background" rationale may not be used to avoid the
proscription of Rule 404(b); that is, the State may not introduce evidence of appellant's bad
character under the guise of providing background information to the jury. Id. In this cause, the
testimony to which appellant objected did not reflect adversely on his character. There was no
testimony, either direct or by implication, that appellant had committed other crimes, wrongs, or
acts. The district court did not err by overruling appellant's objections. These points of error are
without merit.

 Finally, appellant urges that the prosecutor improperly attacked defense counsel
during jury argument. Appellant contends the prosecutor insinuated that counsel was
manufacturing testimony; that counsel was encouraging the jury to speculate on evidence; and that
counsel was inadequate, pathetic, and apologetic in his presentation of the defense.

 The first remark of which appellant complains was:


Recall for a minute Deputy Cobb up on the witness stand. I mean, you surely will
recall. And I'm being facetious here, the incredible cross-examination as to his
identification concerning lighting, facial features, how did you recognize him.


 The officer pointed to the defendant, identified him in court as the person
he purchased the drugs from that evening. Mr. Hurley didn't go into any detail,
whatsoever, about that issue.



We find nothing objectionable in this argument. Defense witnesses testified that appellant was
in San Antonio on the night of the offense. If true, this meant that Cobb's identification of
appellant was mistaken, a fact asserted by defense counsel in his argument. The prosecutor was
merely responding to that defensive theory and to defense counsel's argument.

 The prosecutor returned to the topic of Cobb's identification of appellant a short
time later in his argument:


[I]f identity was the sole issue, why did we spend so little time on that with Deputy
Cobb.


 You see, the strategy is ask the officer really nothing about how he
recognizes the man. Ask the officer nothing about whether or not he can identify
him by his facial features. Ask the officer nothing about how he identified him
after the offense. Ask the officer as little as humanly possible and then get up and
invite the jury to speculate. To speculate their way into some fanciful reasonable
doubt.



Appellant did not object to this portion of the argument. We do not find the prosecutor's
statement to be so improper as to be incurable upon proper objection.

 The last challenged remark came immediately after the second:


We submit to you that we have proven that on November the 20th, in Bell County,
Texas, that this man here, who was identified in court by the officer, transferred
this particular rock of crack cocaine to the agent, in exchange for $40. . . . But
you do know one thing from the defense. That those policemen back there, and
your entire police force, were absolutely precluded from knowing anything about
any alibi in San Antonio, Texas. And we submit to you that to get up in the
beginning and say we're going to prove that he wasn't here at all, and then not
prove it, is pathetic and apologetic.



In its brief, the State argues that this argument was a reference to the failure of the defense to call
the people with whom appellant was allegedly staying in San Antonio. We note, however, that
the defense did call appellant's wife, who testified she was with appellant in San Antonio, and a
friend who testified that he drove appellant to and from San Antonio. It can hardly be said that
the defense failed to offer proof of the alibi.

 We do not condone the prosecutor's reference to defense counsel's performance
as pathetic and apologetic. Personal insults have no place in jury argument. On the other hand,
the prosecutor did not accuse counsel of suborning perjury or other unlawful or unethical conduct. 
Compare Gomez v. State, 704 S.W.2d 770, 771-72 (Tex. Crim. App. 1985) and cases cited
therein. We do not find the remark to be so inflammatory as to call into question the integrity of
the process leading to appellant's conviction. To the extent that the court erred by overruling
appellant's objection to this portion of the State's argument, we are satisfied that the error was
harmless. Tex. R. App. P. Ann. 81(b) (Pamph. 1991); Harris v. State, 790 S.W.2d 568, 587
(Tex. Crim. App. 1989). Points of error one and two are overruled.


 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: December 11, 1991

[Do Not Publish]