**Judgment of November 26, 2019 Withdrawn; Motion for Rehearing Granted, Motion for En Banc Reconsideration Denied as Moot, Reversed, Remanded, and Majority, Concurring, and Dissenting Opinions on Rehearing filed August 13, 2020.**



In the

# Fourteenth Court of Appeals

## NO. 14-18-00162-CR

**VINCENT DEPAUL STREDIC, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1530454**

## CONCURRING OPINION ON REHEARING

I join the new majority in full and write separately to address the effect of the error on appellant's substantial rights that may not be disregarded pursuant to Texas Rule of Appellate Procedure 44.2(b).

It is difficult to imagine how a convicted individual's own words being used against them in a court of law is ever harmful. After all, it is the role of the advocate to call out the inconsistencies of the accused to prove their guilt. But this is not the role of the trial court. The court must ensure impartiality in the proceedings and follow the laws as given. This includes compliance with Article 36.28 of the Code of Criminal Procedure. Because I conclude this error affected appellant's substantial rights, I now join the new majority opinion, and also write separately.

## BACKGROUND

This case is back on reconsideration; the facts sufficiently described in the original opinion and again in the new majority and dissent. I shall not repeat them here.

## ANALYSIS

The majority and dissent both cite *Thomas v. State*, which states, "[T]he purpose of Article 36.28 is 'to balance our concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have.'" 505 S.W.3d 916, 923 (Tex. Crim. App. 2016) (quoting *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005)).

The dissent suggests, "the trial court did not unduly emphasize the evidence" that "the majority fails to consider the entire record in conducting its harm analysis," and there is no "authority holding that the method of communicating evidence to the jury during deliberations—written transcript rather than oral readback—amount[s] to undue emphasis of the testimony sufficient to undermine the jury's verdict."

**Violations of Article 36.28 as Undue Influence**

The Court of Criminal Appeals in *Garrett v. State* addressed the danger of undue influence when a transcript of testimony is allowed to go back with the jury during deliberations. 658 S.W.2d 592, 594 (Tex. Crim. App. 1983). In addressing the difference between a permitted use of a written transcript being reviewed by a jury during trial playback of poor audio recordings, and comparing that to the same transcript going back to the jury during deliberations the court expressed concerns of the "danger" of the jury having the testimony before them during deliberations as both a violation of article 36.28 and the jury being, presumably, "unduly influenced" by it. *See id.* "Since the transcript was not introduced and not available during jury deliberations, there was no danger of the jury having the evidence before them during deliberations in violation of Art. 36.28, V.A.C.C.P., and thereby being unduly influenced by it." *Id.*

**Transcript as Bolstering**

The Court of Criminal Appeals was clear in a similar case in which it considered a written transcript as bolstering of testimony. In *Lewis*, the court stated, "We do not approve the State's offer of its transcribed version of the taped conversation. After all, the tape itself was simply corroborative of [the witness's] testimony. Technical imperfections in the reproduction of the conversation did not authorize the State to submit its version in written form and thereby make the written transcript available to the jury during its deliberations. Art. 36.25, V.A.C.C.P. This was, in essence, bolstering [the witness's] version of the conversation." *Lewis v. State,* 529 S.W.2d 533, 535 n.1 (Tex. Crim. App. 1975).

**Harm Analysis**

As pointed out by the dissent, there remains a question of harm. In a 1935 case, a transcript of appellant's testimony given during the examining trial was permitted to go back to a jury. The Court of Criminal Appeals held, "While the matter may not have been exactly regular, yet no injury is shown to have resulted to the appellant." *Miller v. State*, 79 S.W.2d 328, 330 (Tex. Crim. App. 1935).

"The proper inquiry is 'whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.'" *Thomas*, 506 S.W.3d at 926 (quoting *Kotteakos v. United States*, 328 U.S. 750, 764 (1946)). "On the other hand, if the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand." *Id.* at 926.

In *Thomas*, the question was between what was read and not read to the jury in response to the jury asking for the transcript. The court did not focus on the variance to determine harm. "[T]he harm analysis should not hinge solely on the lack of contradiction[.]" *Id.* at 927. Rather "a proper harm analysis requires a review of the entire record, including the weight of the evidence of [the defendant's] guilt, in order to determine whether the trial court's [error] affected the defendant's substantial rights." *Id.* at 927. "In assessing the likelihood that the jury's decision was adversely affected by the error, the reviewing court should consider all of the testimony and physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, and closing arguments." *Id.* at 927. "If, after a review of the record as a whole, the appellate court can say that it 'has fair assurance that the error did not influence the jury, or had but a slight effect,' then the error is harmless." *Id.* at 927.

## CONCLUSION

It is easy for anyone who has ever argued with a close friend or spouse to recall the hurt when one's own words were selectively recalled, yet this is exactly what the trial court did in this case; bolstering selective portions of appellant's testimony sent back during jury deliberation. The specific testimony not only related directly to a variance of appellant's prior testimony, but it appears to be the critical testimony upon which the appellant was convicted of the aggravating factor.

Under the system of analysis described by the Court of Criminal Appeals, I conclude the "weight of the evidence" against appellant was established by this testimony, and that the "nature of the evidence" was the "principle support" of the verdict. Accordingly, this appellate court cannot say that it has "fair assurance the error did not influence the jury, or had but a slight effect." *See Thomas*, 506 S.W.3d at 926. Taken in conjunction with the fact the trial court acted without due regard for the law, even in light of direct objection, gives great pause for the apparent lack of guiding principles upon which our system of jurisprudence relies. For these reasons I join the majority opinion and concur with the judgment to remand for a new trial.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain (Spain, J., Majority).
Publish — Tex. R. App. P. 47.2(b).