**Motion for Rehearing Granted, Relief Denied, and Supplemental Majority Opinion on Rehearing filed September 29, 2020.**



**In the**

# Fourteenth Court of Appeals

---

### NO. 14-18-00162-CR

---

### VINCENT DEPAUL STREDIC, Appellant

### v.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1530454**

---

### SUPPLEMENTAL MAJORITY OPINION ON REHEARING

The State filed a motion for rehearing contending this court did not address its arguments that (1) appellant did not preserve error and (2) the Code of Criminal Procedure allows the State to act unless the Code specifically prohibits that action. We grant the motion for rehearing to consider these two issues.

The State first argues that appellant did not preserve his argument that providing the jury with a written transcript of disputed testimony violated Code of

Criminal Procedure article 36.28. Appellant made the following statements to the trial court:

> The position of the Defense is that it's inappropriate to provide a written transcript of the testimony. We have no objection to a readback of the particular testimony that's been selected by the Court, but we believe that providing a written transcript creates a greater emphasis and places more importance on that particular testimony since the jurors must recall from their own from being in trial what they heard as far as the other issues are concerned.

While appellant does not specifically mention article 36.28, this specific ground is certainly "apparent from the context" of appellant's remarks that he is discussing matters within the article's purview. *See* Tex. R. App. P. 33.1(a)(1)(A). The State certainly understood at trial, as it responded with a discussion of the scope of article 36.28. While the high court's interpretation of preservation of appellate complaints in criminal proceedings is undeniably stricter than in civil proceedings, Rule 33.1(a)(1)(A)'s "apparent from the context" language still applies.

We overrule the State's first issue that appellant did not preserve his complaint.

The State's second issue is that this court failed to address the following argument raised by the State: "The appellant correctly notes that Article 36.28 does not authorize trial courts to [give] transcripts to jurors. However, neither does Article 36.28 prohibit such a practice. It is silent on the matter entirely." The State effectively argues that any practice not specifically prohibited by the Code of Criminal Procedure must be allowed. The sole case the State cites in support of this argument does not contain any such sweeping statement, nor does it address the Code of Criminal Procedure at all. *See Milton v. State*, 572 S.W.3d 234 (Tex. Crim.

App. 2019).[1]

Even if the State's view of its powers under the Code of Criminal Procedure were correct, it would require an implausible reading of article 36.28 to apply it here. Article 36.28 sets forth the procedure that applies "if the jury disagree as to the statement of any witness." Tex. Code Crim. Proc. Ann. art. 36.28. The statute then provides that, in such circumstances, the jury "may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other" or, in the absence of such notes, hear from the witness again. *Id.* While the statute does not spell out all of the potential ways the jury is *not* allowed to review the testimony of a witness, it is not difficult to connect the dots and conclude that procedures not authorized by the plain language of the article are prohibited. *See id.* Indeed, adopting the State's theory would render article 36.28 a nullity, a toothless provision merely containing two examples of ways in which testimony possibly might be provided to the jury, as opposed to delineating the only two ways the jury is permitted to receive it. *See id.* In sum, the State would have us read article 36.28 in such a way as to violate the principal canon of statutory construction: to give effect to the plain meaning of the

---

[1] The State also contends this court cited no case authority for our interpretation of article 36.28. The only potentially relevant authority we have located, discussed at various junctures by both parties, is *Garrett v. State*. 658 S.W.2d 592 (Tex. Crim. App. 1983). In *Garrett*, the Court of Criminal Appeals considered whether the use of a written transcript was permissible as an aid to the jury during trial while it listened to a tape-recorded conversation involving appellant. *See id.* at 593–94. This is a different issue from the one we face here. As *Garrett* does not present or decide the issue of whether a written transcript of testimony about which the jury disagrees is allowed in the jury room during deliberations under article 36.28, we conclude it does not directly control our disposition. *See id.* However, we note language in *Garrett* supports our conclusion that providing a court reporter's transcript of disputed testimony during deliberations violates article 36.28. *See id.* at 594 ("Since the transcript was not introduced and not available during jury deliberations, there was no danger of the jury having the evidence before them during deliberations in violation of Art. 36.28, V.A.C.C.P., and thereby being unduly influenced by it."); *see also Stredic v. State*, No. 14-18-00162-CR, 2020 WL 4689854, at *7 (Tex. App.—Houston [14th Dist.] Aug. 13, 2020, no pet. h.) (Zimmerer, J., concurring) (discussing *Garrett*).

statute. *See Boykin v. State*, 818 S.W.2d 782, 786 (Tex. Crim. App. 1991) (describing this interpretive mode as "of ancient origin").[2]

We overrule issue two.

Having granted the motion for rehearing and considered and overruled the State's issues, we deny the State's requested relief. The court's previously issued opinions and August 13, 2020 judgment on rehearing remain unchanged.


/s/    Charles A. Spain
Justice


Panel consists of Justices Wise, Zimmerer, and Spain (Wise, J., dissenting without opinion to denial of relief on rehearing).

Publish—TEX. R. APP. P. 47.2(b).

---

[2] We note that the Code Construction Act does not apply to Code of Criminal Procedure article 36.28. By its terms, the Code Construction Act applies to "each code enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program" and "each amendment, repeal, revision, and reenactment of a code or code provision by the 60th or a subsequent legislature." Tex. Gov't Code Ann § 311.002(1), (2). Article 36.28, however, has not been addressed since the 59th Legislature. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 36.28, [2] 1965 Tex. Gen. Laws 317, 459 (codified at Tex. Code Crim. Proc. Ann. art. 36.28). The statutory-construction provision in the Code of Criminal Procedure, article 1.26, does not give any guidance from the legislature applicable to this case: "The provisions of this Code shall be liberally construed, so as to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime." Tex. Code Crim. Proc. Ann. art. 1.26.