**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00414-CR**
_____

**RICHARD FRANCIS RODRIGUES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Montgomery County, Texas**
**Trial Cause No. 19-339023**

**MEMORANDUM OPINION**

Appellant Richard Francis Rodrigues appeals his conviction for prostitution. In two issues, Rodrigues argues that the evidence is insufficient to support his conviction due to a variance between the information and the proof at trial and that the prosecutor's improper closing argument requires reversal. We affirm the trial court's judgment.

# THE EVIDENCE

The State charged Rodrigues with prostitution, alleging that Rodrigues "for a fee, did knowingly offer or agree to engage in sexual conduct with [an undercover officer.]" The undercover officer, a sergeant of the Organized Crime Unit for the Montgomery County Sheriff's Office, testified that she works undercover while conducting proactive investigations regarding prostitution. The undercover officer testified that on February 12, 2019, she was working at a hotel when she posted an online ad in which she stated that she was willing to engage in sexual activity, and the ad included partially nude pictures of females in explicit poses. The undercover officer explained that she engaged in a text conversation with Rodrigues, and the text conversation was admitted into evidence. The undercover officer testified that Rodrigues started the conversation by asking if she would be available that day and what her "donation" would be for an hour. According to the undercover officer's training and experience, the use of the word "donation" in prostitution cases refers to the rate, and the term is used to "skirt the law or try to say it was just a donation[.]" The undercover officer testified that she responded with an amount, and Rodrigues texted that he could see her around 4:00 and that he hoped she was not a cop. The undercover officer explained that after she told Rodrigues she was not a cop, he asked for the address.

2

The undercover officer testified that she directed Rodrigues to a hotel room that was set up with video and audio surveillance, and the video of Rodrigues's arrest was admitted into evidence. The undercover officer explained that Rodrigues came into the hotel room and told her that he wanted an hour of her time, and Rodrigues stated that he wanted "everything." According to the undercover officer, normally when a person wants "everything, it means sex and a blow job." The undercover officer testified that Rodrigues indicated that he wanted to have normal sex and a blow job, and Rodrigues laid the money down on the table and said, "[t]his is for you." The undercover officer explained that based on her training and experience, the totality of the text messages and the conversation that she had with Rodrigues in the room, and Rodrigues showing her the money she requested, she knew that Rodrigues was offering her money for sex and a blow job.

Rodrigues testified that after having a bad day at work, he called a colleague because he needed someone to talk to, and the colleague gave him the link to a website with personal ads. According to Rodrigues, he only wanted to have a conversation and never intended to engage in sexual relations. Rodrigues explained that the donation was "money for her time[]" just to talk and not for sex acts. Rodrigues testified that he asked if the woman was a cop because he just wanted to talk to a normal person and "didn't want any trouble[.]" According to Rodrigues, he was not interested in sex and did not commit the offense, but the undercover officer

3

was "very pushy[]" and made him say the things that she wanted to hear. Rodrigues admitted telling the undercover officer that he wanted sex and agreeing to a blow job, but he claimed that he just played along because he was worried that she would ask him to leave without having a chance to talk. Rodrigues also testified that he never told the undercover officer that he just wanted to talk. The jury found Rodrigues guilty of prostitution as charged in the information. The trial court assessed punishment at two days in county jail and also assessed a $1500 fine.

## ANALYSIS

In issue one, Rodrigues argues that the evidence is insufficient to support his conviction because there is a fatal variance between the language in the information and the evidence presented at trial. According to Rodrigues, the information alleged an offense under section 43.02(a) of the Texas Penal Code, but the evidence established an offense under section 43.02(b). *See* Tex. Penal Code Ann. § 43.02(a), (b). The State argues that Rodrigues waived any complaint about a defect in the amended information and that the evidence is legally sufficient because it supports at least one manner of committing prostitution as alleged in the amended information.

Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*,

4

443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. The sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict its theories of liability, and adequately describes the offense for which the defendant was tried. *Id.*

If the penal offense sets out various statutory alternatives for the distinct elements of the crime, the sufficiency of the evidence is measured by the specific alternative elements that the State has alleged in the information. *See Cada v. State*, 334 S.W.3d 766, 773-74 (Tex. Crim. App. 2011). When a jury returns a general verdict on an information charging alternative methods of committing the same offense, the verdict stands "if the evidence is sufficient to support a finding under any of the theories submitted." *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

A variance occurs when there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex.

5

Crim. App. 2011). In conducting an evidentiary-sufficiency analysis, we consider two types of variances: material and immaterial. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). Because immaterial variances do not affect the validity of a criminal prosecution, a hypothetically correct jury charge need not incorporate allegations that give rise to only immaterial variances. *Id.* A variance is fatal when it is a material variance that prejudices the substantial rights of the defendant. *Gollihar v. State*, 46 S.W.3d 243, 247-48 (Tex. Crim. App. 2001). In determining whether a variance is material, we examine whether the indictment informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether the indictment would subject him to the risk of being prosecuted later for the same crime. *See Gollihar*, 46 S.W.3d at 258. When arguing variance, the burden of demonstrating surprise or prejudice rests with the defendant. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).

A person commits the offense of prostitution if he knowingly offers or agrees to receive a fee from another to engage in sexual conduct. Tex. Penal Code Ann. § 43.02(a). Under section 43.02(b), a person commits the offense if the person knowingly offers or agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another. *Id.* § 43.02(b). The State initially charged Rodrigues by information with prostitution, alleging that Rodrigues "did then and there knowingly solicit [the undercover officer], in a public place . . . to

6

engage with the defendant in sexual conduct, to-wit: sexual intercourse or sexual contact, for hire.[]" After the trial court granted the State's motion to amend the information, the State amended the information and alleged that Rodrigues, "for a fee, did knowingly offer or agree to engage in sexual conduct with [the undercover officer.]"

There are two alternative means for committing prostitution: offering to receive money to engage in sexual conduct or offering to pay money to engage in sexual conduct. *See* Tex. Penal Code Ann. § 43.02(a), (b). Although the amended information did not specify in which manner Rodrigues committed prostitution, the language in the amended information charges Rodrigues with both alternatives. The jury charge instructed that a person commits the offense of prostitution if the person knowingly agrees to engage in sexual conduct for a fee, and the charge defined "fee" as "the payment or offer of payment in the form of money, goods, services, or other benefit." The jury charge instructed the jury that if it found from the evidence beyond a reasonable doubt that Rodrigues "did knowingly offer or agree to engage in sexual conduct, namely sexual intercourse or deviate sexual intercourse, with [the undercover officer] for a fee, you will find [Rodrigues] guilty of the offense of Prostitution, as charged."

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found Rodrigues guilty of prostitution

7

beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 13. We also conclude that there is no material variance between the statutory allegations in the amended information and the proof at trial. *See Byrd*, 336 S.W.3d at 246. Additionally, even assuming that there was a variance, we conclude that any alleged variance was not prejudicial to Rodrigues's substantial rights and was, therefore, immaterial, because Rodrigues does not contend that the amended information led to an inability to defend against the charge or indicate how the alleged variance could subject him to the risk of being prosecuted for the same offense. *See Gollihar*, 46 S.W.3d at 247-48. We conclude that the evidence is legally sufficient to support the verdict. We overrule issue one.

In issue two, Rodrigues complains that the prosecutor's improper closing argument requires reversal. The State argues that the trial court's curative instruction to disregard was sufficient to cure any prejudice from the first of the prosecutor's two allegedly improper arguments, and that the second challenged argument regarding an entrapment instruction was proper.

We review the trial court's ruling on an objection to allegedly improper jury argument for an abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement."

*Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). "To constitute reversible error, the argument must be manifestly improper or inject new, harmful facts into the case." *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).

If a trial court sustains an objection to improper jury argument, to preserve error on appeal, the complaining party must additionally request an instruction to disregard an offending argument if such an instruction could cure the prejudice. *See McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). If the prejudice arising from an erroneous jury argument is incurable, the complaining party must move for a mistrial. *Id.* We review the trial court's denial of a motion for mistrial for an abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling, and considering only those arguments before the trial court at the time of the ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We must uphold the ruling if it was within the zone of reasonable disagreement. *Id.* In evaluating whether a trial court abused its discretion by denying a defendant's request for a mistrial based on improper jury argument, appellate courts must balance several factors, including "(1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence

9

supporting the conviction).” *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011).

A mistrial is the appropriate remedy when the objected-to events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004). A mistrial is required only in extreme circumstances when the prejudice is incurable because it “is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.” *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Because a mistrial is an extreme remedy, “a mistrial should be granted ‘only when residual prejudice remains’ after less drastic alternatives are explored.” *Ocon*, 284 S.W.3d at 884-85 (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005)).

The record shows that during closing argument, the prosecutor argued that the “entrapment defense would not be in your charge if this Court did not believe that he’s confessed to that.” Rodrigues objected to the argument as being a misstatement of the law, and the trial court sustained Rodrigues’s objection. The trial court also instructed the jury to disregard the prosecutor’s last statement but denied Rodrigues’s motion for mistrial. The trial court’s instruction suggests that the trial court believed the prosecutor’s argument was improper but that the prejudicial effect of the argument could be cured.

We presume the jury followed the court's instruction to disregard the complained-of argument. *See id.*; *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Ladd*, 3 S.W.3d at 567 (concluding that trial court did not abuse its discretion because it could have reasonably concluded that its instruction to disregard was sufficient to cure any harm). Here, the prejudicial effect of the prosecutor's argument did not likely cause the jury to ignore the trial court's instruction. *See Archie*, 340 S.W.3d at 739. Moreover, the evidence showing that Rodrigues committed the offense was strong. *See id.* Having considered the entire record, we conclude that the trial court's denial of the motion for mistrial did not constitute an abuse of discretion. *See id.*; *Ocon*, 284 S.W.3d at 884.

Rodrigues also complains that the trial court abused its discretion by overruling his objection to the prosecutor's alleged improper statement regarding the law on inclusion of the entrapment defense. During closing, the prosecutor argued that "[t]he law is very clear that if a defendant denies committing the offense, that he does not get the charge in . . . . You heard him on the stand admit to it." Rodrigues objected that the prosecutor's statement was a misstatement of the law, and the trial court overruled the objection. The trial court also denied Rodrigues's request for a mistrial. On appeal, Rodrigues argues that he never confessed, and it was not a reasonable deduction from the evidence for the prosecutor to argue that he had.

If the defendant denies that he committed the offense, he will not be entitled to an entrapment instruction. *Melton v. State*, 713 S.W.2d 107, 112 (Tex. Crim. App. 1986). While the defendant is not required to plead guilty, he cannot introduce positive evidence that he did not commit the act, because entrapment assumes that the offense was committed. *Barnes v. State*, 70 S.W.3d 294, 306 (Tex. App.—Fort Worth 2002, pet. ref'd). Rodrigues was required to admit to committing the charged offense before he could assert the defense of entrapment, but such an admission is no more than an admission that the event occurred and does not rise to the level of a plea of guilty. *See Collins v. State*, 672 S.W.2d 588, 594 (Tex. App.—Fort Worth 1984, no pet.). The record shows that the trial court granted Rodrigues's request for an instruction on the entrapment defense, because based on Rodrigues's testimony, the trial court found that Rodrigues admitted the offense. *See also Garrett v. State*, 639 S.W.2d 18, 22 (Tex. App.—Fort Worth 1982) *aff'd on other grounds*, 658 S.W.2d 592 (Tex. Crim. App. 1983) (noting appellant's implied admission of guilt by his stipulation of the entrapment defense).

Proper closing argument includes correct legal arguments. *Vasquez v. State*, 484 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2016, no pet.). We conclude that the prosecutor's argument was permissible because it was not a misstatement of the law to argue that Rodrigues admitted that he committed the offense and that if a defendant denies committing the offense, he is not entitled to an entrapment

12

instruction. *See Melton*, 713 S.W.2d at 112. Additionally, even if the trial court erred by overruling Rodrigues's objection, Rodrigues has not demonstrated that the error affected his substantial rights. *See* Tex. R. App. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). On this record, we cannot conclude that the complained-of argument had a substantial and injurious effect or influence upon the jury in determining its verdict. *See id.* Accordingly, we overrule issue two. Having overruled each of Rodrigues's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 18, 2021
Opinion Delivered April 14, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.